FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

05 JUL 26  PM 3: 56

CLERK-ALBUQUERQUE

JOHN D. FOGARTY,

     Plaintiff,

vs.                                                                    Case No. CIV 05-0026 WJ/LFG

GILBERT GALLEGOS, JOHN GONZALES,
DONALD KEITH, and MICHAEL FISHER, in their
individual capacities, and the CITY OF
ALBUQUERQUE,

     Defendants.

---

### EXHIBITS "1" THROUGH "3" TO PLAINTIFF'S MOTION AND MEMORANDUM TO COMPEL ANSWERS TO PLAINTIFF'S INTERROGATORIES AND DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION OF DOCUMENTS

**[Filed 07/25/05, Document No. 42]**

Respectfully submitted,

**KENNEDY & HAN, P.C.**

RENE C. OSTROCHOVSKY
Attorneys for Plaintiff
201 Twelfth Street, N.W.
Albuquerque, New Mexico  87102
(505) 842-8662

43

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN D. FOGARTY,

        Plaintiff,

vs.                                  CIV No. 05-26 WPJ/LFG

GILBERT GALLEGOS, JOHN GONZALES,
DONALD KEITH, and MICHAEL FISHER
in their individual capacities, and
the CITY OF ALBUQUERQUE.



        Defendants.

## DEFENDANT JOHN GONZALES' ANSWERS TO PLAINTIFF JOHN FOGARTY'S FIRST SET OF INTERROGATORIES TO DEFENDANT JOHN GONZALES

      **COMES NOW**, Defendant John Gonzales, by and through counsel, Jerry A. Walz, Esq. and

Martha Chicoski, Esq., Walz and Associates, hereby provides the following Answers to Plaintiff John

D. Fogarty's First Set of Interrogatories:

### INTERROGATORY NO. 1:

      Please provide your complete biographical information.

### ANSWER:

      Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404

**EXHIBIT 1**

(citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know. To the contrary, Rule 33 provides that:

> [e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. . . . Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve Defendant Gonzales with only 25 interrogatories. *See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]*. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Based on these objections, Defendant Gonzales will not answer this interrogatory.

2

**INTERROGATORY NO. 5:**

If you have ever been a party to any lawsuit other than the instant case, including bankruptcy

or divorce, please provide a complete description of all details pertaining to any such lawsuit and

identify all documents which substantiate your answer.

**ANSWER:**

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know. To the contrary, Rule 33 provides that:

> [e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. ... Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales states he has been named in approximately 7-10 lawsuits during his employment with APD, the exact nature of each he does not recall, however, he has never had a judgment entered against him. Further, without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' personnel file. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his personnel file, this file is protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his personnel file, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiff's discovery request and maintain Defendant Gonzales' right to privacy, Defendant Gonzales will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order. Defendant Gonzales will agree to the production of his personnel file subject to a Protective Order providing for an in camera, ex parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed. See Lichtenstein, 660 F.2d at 435.

Additionally, Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient privileges. See Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000

13

(physician-patient and psychotherapist-patient privilege); Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996). In Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a clearly established privacy right in private medical records. See also. Flanagan v. Munger, 890 F.2d 1557 (10th Cir. 1989). Accordingly, Defendant Gonzales will not produce or redact those portions of the requested file which are privileged.

**INTERROGATORY NO. 6:**

Outline in complete detail the circumstances of each APD officer's involvement at the March

20, 2003 demonstration referred to in Plaintiff's Complaint, from the time he or she arrived until the

time he or she left the scene. including but not limited to, times of arrival and departure, weapons

worn, weapons used, ammunition used, and interaction any such officer had with any demonstrator.

**ANSWER:**

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories which
seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g.,
Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should
not require the answering party to provide a narrative account of its case.  * * *  The court will
generally find them overly broad and unduly burdensome on their face to the extent they ask for
"every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc.,
170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of
interrogatories seeking all supporting facts and those which duplicate the initial disclosures required
by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous
question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not
require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404
(citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662
(D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that
support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664;
IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not
encompass every allegation, or a significant number of allegations, of the Complaint, reasonably
places upon the answering party 'the duty to answer them by setting forth the material or principal
facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome
because the combined number of interrogatories and their subparts exceeds the number of
interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure
which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant
fact that opposing litigants know. To the contrary, Rule 33 provides that:

[e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing
with one point only. The question should be objective and nonargumentative. They should not
seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written
so that the question and the expected answer can be understood easily when read at trial. . ..
Whenever a decision is made to propound interrogatories, counsel should have clearly in mind
what information he seeks and what he intends to do with it. Interrogatories should be targeted

15

at discrete issues, rather than blanketing the case, and should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Supplemental Report for APD Case No. 03-55355. See Fed.R.Civ.P. 34(d). Defendant Gonzales has already produced this document. Defendant Gonzales will also produce another set of business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Internal Affairs file. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his Internal Affairs file, this file is protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his Internal Affairs file, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiff's discovery request and maintain Defendant Gonzales's right to privacy, Defendant Gonzales will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order. Defendant Gonzales will agree to the production of his Internal Affairs file subject to a Protective Order providing for an *in camera*, ex parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed. See Lichtenstein, 660 F.2d at 435.

16

Additionally, Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient privileges. <u>See</u> Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000 (physician-patient and psychotherapist-patient privilege); <u>Jaffee v. Redmond</u>, 518 U.S. 1, 9-10 (1996). In <u>Lankford v. City of Hobart</u>, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a clearly established privacy right in private medical records. <u>See also, Flanagan v. Munger</u>, 890 F.2d 1557 (10th Cir. 1989). *Accordingly, Defendant Gonzales will not produce or redact those portions of the requested file which are privileged.*

17

## INTERROGATORY NO. 7:

Please describe in complete detail the circumstances of any and all contact [verbal or physical] any APD officer or City employee had with Plaintiff at the March 20, 2003 demonstration referred to in Plaintiff's Complaint, including but not limited to, the time, precise location, and purpose of the contact, the substance of all communication exchanged with Plaintiff and every other person who was present during any part of the contact.

## ANSWER:

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know. To the contrary, Rule 33 provides that:

[e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. . ..

18

Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales's Supplemental Report for APD Case No. 03-55355. See Fed.R.Civ.P. 34(d). Defendant Gonzales has already produced this document. Defendant Gonzales will also produce another set of business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Internal Affairs file. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his Internal Affairs file, this file is protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his Internal Affairs file, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiffs's discovery request and maintain Defendant Gonzales' right to privacy, Defendant Gonzales will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order. Defendant Gonzales will agree to the production of his Internal Affairs file subject to a Protective Order providing for an *in camera*, ex parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed. See Lichtenstein,

19

660 F.2d at 435.

Additionally, Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient privileges. See Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000 (physician-patient and psychotherapist-patient privilege); Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996). In Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a clearly established privacy right in private medical records. See also, Flanagan v. Munger, 890 F.2d 1557 (10th Cir. 1989). Accordingly, Defendant Gonzales will not produce or redact those portions of the requested file which are privileged.

Without waving Objections No. 1 and No. 2, Defendant Gonzales stands by his Supplemental Report for APD Case No. 03-55355 as his best recollection of contact, if any, that he or other officers in his presence may have had with Plaintiff at the March 20, 2003 demonstration.

20

**INTERROGATORY NO. 8:**

Describe with particularity the circumstances of each and every order you gave to any APD

officer at or regarding the March 20, 2003 demonstration referred to in Plaintiff's Complaint,

including but not limited to, every reason why you gave such order(s) and to whom you gave such

order(s).

**ANSWER:**

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know. To the contrary, Rule 33 provides that:

[e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. . . . Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and

21

should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Supplemental Report for APD Case No. 03-55355. See Fed.R.Civ.P. 34(d). Defendant Gonzales has already produced this document. Defendant Gonzales will also produce another set of business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Internal Affairs file. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his Internal Affairs file, this file is protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his Internal Affairs file, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiff's discovery request and maintain Defendant Gonzales's right to privacy, Defendant Gonzales will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order. Defendant Gonzales will agree to the production of his Internal Affairs file subject to a Protective Order providing for an *in camera*, ex parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed. See Lichtenstein, 660 F.2d at 435.

22

Additionally, Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient privileges. See Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000 (physician-patient and psychotherapist-patient privilege); Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996). In Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a clearly established privacy right in private medical records. See also, Flanagan v. Munger, 890 F.2d 1557 (10th Cir. 1989). Accordingly, Defendant Gonzales will not produce or redact those portions of the requested file which are privileged.

Without waiving objections No. 1 and No. 2, Defendant Gonzales stands by his Supplemental Report for APD Case No. 03-55355 as his best recollection of the orders, if any, that he may have given to any APD officer at or regarding the March 20, 2003 demonstration.

**INTERROGATORY NO. 9:**

Describe with particularity the circumstances of each and every order you followed in connection with the March 20, 2003 demonstration referred to in Plaintiff's Complaint, including but not limited to, the substance of each such order, by whom it was given and why it was given.

**ANSWER:**

Objection No. 1. This interrogatory is overly broad and unduly burdensome. · Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. *** The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know. To the contrary, Rule 33 provides that:

[e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. ... Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

24

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Supplemental Report for APD Case No. 03-55355. See Fed.R.Civ.P. 34(d). Defendant Gonzales has already produced this document. Defendant Gonzales will also produce another set of business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Internal Affairs file. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his Internal Affairs file, this file is protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his Internal Affairs file, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiff's discovery request and maintain Defendant Gonzales's right to privacy, Defendant Gonzales will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order. Defendant Gonzales will agree to the production of his Internal Affairs file subject to a Protective Order providing for an *in camera*, ex parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed. See Lichtenstein, 660 F.2d at 435.

Additionally, Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient

25

privileges.  See Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000 (physician-patient and psychotherapist-patient privilege); Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996). In Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a clearly established privacy right in private medical records. See also, Flanagan v. Munger, 890 F.2d 1557 (10th Cir. 1989).  Accordingly, Defendant Gonzales will not produce or redact those portions of the requested file which are privileged.

Without waiving objections No. 1 and No. 2, Defendant Gonzales stands by his Supplemental Report for APD Case No. 03-55355 as his best recollection of the orders, if any, that he may have followed in connection with the March 20, 2003 demonstration.

**INTERROGATORY NO. 10:**

Describe the complete circumstances of each and every meeting you attended prior to the March

20, 2003 demonstration referred to in Plaintiff's Complaint, concerning such demonstration, including

but not limited to, the complete identity [name, current address, telephone number, job title and role]

of all individuals who were present at each such meeting, the complete substance of all discussion

that took place during each such meeting, and what was said by whom.

**ANSWER:**

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories
which seek "each and every fact" and which blanket an entire case or claim are objectionable. See,
e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories
should not require the answering party to provide a narrative account of its case. * * * The court will
generally find them overly broad and unduly burdensome on their face to the extent they ask for
"every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc.,
170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of
interrogatories seeking all supporting facts and those which duplicate the initial disclosures required
by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous
question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not
require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404
(citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662
(D.Kan. 1996). "Interrogatories may, however, properly ask for the "principal or material" facts that
support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664;
IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not
encompass every allegation, or a significant number of allegations, of the Complaint, reasonably
places upon the answering party 'the duty to answer them by setting forth the material or principal
facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome
because the combined number of interrogatories and their subparts exceeds the number of
interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure
which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant
fact that opposing litigants know. To the contrary, Rule 33 provides that:

[e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question,
dealing with one point only. The question should be objective and nonargumentative. They
should not seek narrative answers or attempt to argue, cross-examine, or impeach. They
should be written so that the question and the expected answer can be understood easily

27

when read at trial. ... Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

Hill v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. *See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14].* "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hill, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Supplemental Report for APD Case No. 03-55355. See Fed.R.Civ.P. 34(d). Defendant Gonzales has already produced this document. Defendant Gonzales will also produce another set of business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Internal Affairs file. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his Internal Affairs file, this file is protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his Internal Affairs file, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiff's discovery request and maintain Defendant Gonzales' right to privacy, Defendant Gonzales will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order. Defendant Gonzales will agree to the production of his Internal Affairs file subject to a Protective Order providing for an *in camera*, ex parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor

28

information which is entitled to a reasonable expectation of privacy is disclosed. See Lichtenstein, 660 F.2d at 435.

Additionally, Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient privileges. See Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000 (physician-patient and psychotherapist-patient privilege); Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996). In Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a clearly established privacy right in private medical records. See also, Flanagan v. Munger, 890 F.2d 1557 (10th Cir. 1989). Accordingly, Defendant Gonzales will not produce or redact those portions of the requested file which are privileged.

Without waiving objections No. 1 and No. 2, Defendant Gonzales recalls attending some meetings prior to the March 20, 2003 demonstration with "usual" demonstrator contacts, although he does not recall the exact names of the participants. Upon information and belief, the current Tactical Commander for the Metro Division of APD may have these names from other demonstrations in the tactical section's files.

**INTERROGATORY NO. 11:**

Please describe the complete circumstances of any tactical plan, containment plan or any other

plan that you followed concerning the March 20, 2003 demonstration, including but not limited to

the identity of every individual who participated in the drafting and approval of such plan and the

complete substance of any such plan.

**ANSWER:**

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories
which seek "each and every fact" and which blanket an entire case or claim are objectionable. See,
e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories
should not require the answering party to provide a narrative account of its case. * * * The court will
generally find them overly broad and unduly burdensome on their face to the extent they ask for
"every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc.,
170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of
interrogatories seeking all supporting facts and those which duplicate the initial disclosures required
by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous
question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not
require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404
(citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662
(D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that
support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664;
IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not
encompass every allegation, or a significant number of allegations, of the Complaint, reasonably
places upon the answering party 'the duty to answer them by setting forth the material or principal
facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome
because the combined number of interrogatories and their subparts exceeds the number of
interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure
which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant
fact that opposing litigants know. To the contrary, Rule 33 provides that:

[e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question,
dealing with one point only. The question should be objective and nonargumentative. They
should not seek narrative answers or attempt to argue, cross-examine, or impeach. They
should be written so that the question and the expected answer can be understood easily
when read at trial. . .. Whenever a decision is made to propound interrogatories, counsel
should have clearly in mind what information he seeks and what he intends to do with it.

Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Supplemental Report for APD Case No. 03-55355. See Fed.R.Civ.P. 34(d). Defendant Gonzales has already produced this document. Defendant Gonzales will also produce another set of business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Internal Affairs file. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his Internal Affairs file, this file is protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his Internal Affairs file, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiff's discovery request and maintain Defendant Gonzales' right to privacy, Defendant Gonzales will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order. Defendant Gonzales will agree to the production of his Internal Affairs file subject to a Protective Order providing for an *in camera*, ex parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed. See Lichtenstein,

31

660 F.2d at 435.

Additionally. Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient privileges.  See Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000 (physician-patient and psychotherapist-patient privilege); Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996). In Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a clearly established privacy right in private medical records. See also, Flanagan v. Munger, 890 F.2d 1557 (10th Cir. 1989). Accordingly, Defendant Gonzales will not produce or redact those portions of the requested file which are privileged.

Without waiving objections No. 1 and No. 2, Defendant Gonzales's actions were guided by his police training the APD Standard Operating Procedures. Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained. See Fed.R.Civ.P. 34(d). To prevent repetition, Defendant Gonzales refers to the attachments to Sergeant Keith's Answers to Plaintiff John D. Fogarty's First Set of Interrogatories to Defendant Donald Keith, Bates Nos. D000001 - D000063. Copies of these documents may be reviewed at defense counsel's office at a mutually agreed upon time.

## INTERROGATORY NO. 12:

Please describe with particularity the circumstances of each and every complaint of any type any person has asserted against you, including but not limited to those filed with APD, the independent review office, internal affairs, filed as a lawsuit, or filed by an APD officer, during the time when you were an APD officer for assault, battery, unlawful and wrongful arrest, false arrest, excessive force and false imprisonment within the immediately preceding ten [10] years; including but not limited to, a description of all disciplinary measures which were taken as a result of each such complaint against you and identify of all documents concerning such complaints/discipline.

## ANSWER:

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know. To the contrary, Rule 33 provides that:

33

[e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. . .. Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and *should be few in number.*

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. *See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14].* "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Internal Affairs file. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his Internal Affairs file, this file is protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his Internal Affairs file, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiff's discovery request and maintain Defendant Gonzales right to privacy, Defendant Gonzales will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order. Defendant Gonzales will agree to the production of his Internal Affairs file subject to a Protective Order providing for an *in camera*, ex

parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed. See Lichtenstein, 660 F.2d at 435.

Additionally, Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient privileges. See Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000 ( physician-patient and psychotherapist-patient privilege); Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996). In Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a clearly established privacy right in private medical records. See also, Flanagan v. Munger, 890 F.2d 1557 (10th Cir. 1989). Accordingly, Defendant Gonzales will not produce or redact those portions of the requested file which are privileged.

35

## INTERROGATORY NO. 14:

If you have ever been counseled, disciplined, involuntarily placed on leave, demoted, asked to resign, forced into early retirement or fired during the course of your employment with the City of Albuquerque, please describe in detail the circumstances of each such instance, including but not limited to, the date of the counseling, discipline, leave, demotion, request for resignation, retirement or termination, the person who counseled you or imposed the discipline, leave, demotion, resignation, retirement or termination, the factual basis for the counseling, discipline, leave, demotion, request for resignation, retirement or termination and the nature of the counseling, discipline or demotion, or the extent of the leave.

## ANSWER:

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant

fact that opposing litigants know. To the contrary, Rule 33 provides that:

> [e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. . ... Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997). .

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Internal Affairs and personnel files. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his internal affairs and personnel files, these files are protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his internal affairs and personnel files, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiff's discovery request and maintain Defendant Gonzales' right to privacy, Defendant Gonzales

will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order.  Defendant Gonzales will agree to the production of his internal affairs and personnel files subject to a Protective Order providing for an *in camera*, ex parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed.  See Lichtenstein, 660 F.2d at 435.

Additionally, Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient privileges.  See Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000 (physician-patient and psychotherapist-patient privilege); Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996). In Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a clearly established privacy right in private medical records.  See also, Flanagan v. Munger, 890 F.2d 1557 (10th Cir. 1989).  Accordingly, Defendant Gonzales will not produce those portions of the requested files which are privileged.

40

## INTERROGATORY NO. 15:

Please describe in complete detail the substance of any independent review office investigation, internal affairs investigation, or other type of investigation that was conducted regarding the March 20, 2003 demonstration referred to in Plaintiff's Complaint, including but not limited to the complete name, current address and telephone number of all persons conducting any such review/investigation and all persons who investigated or contributed information for any such reports or documents concerning such review/investigation.

## ANSWER:

Objection No. 1.  This interrogatory is overly broad and unduly burdensome.  Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable.  See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1):  Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted).  Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)).  "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)).  "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2.  The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33.  The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know.  To the contrary, Rule 33 provides that:

[e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.  The question should be objective and nonargumentative.  They

41

> should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. . . . Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Internal Affairs file. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his Internal Affairs file, this file is protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his Internal Affairs file, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiff's discovery request and maintain Defendant Gonzales' right to privacy, Defendant Gonzales will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order. Defendant Gonzales will agree to the production of his Internal Affairs file subject to a Protective Order providing for an *in camera*, ex parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed. See Lichtenstein,

42

660 F.2d at 435.

Additionally, Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient privileges. See Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000 (physician-patient and psychotherapist-patient privilege); Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996). In Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a clearly established privacy right in private medical records. See also, Flanagan v. Munger, 890 F.2d 1557 (10th Cir. 1989). Accordingly, Defendant Gonzales will not produce or redact those portions of the requested file which are privileged.

**INTERROGATORY NO. 16:**

If during the course of any investigation conducted by you or other individuals regarding the

*incidents of the March 20, 2003 demonstration referred to in Plaintiff's Complaint, any discipline was*

recommended which you recommended or to which you consented or agreed, please state the nature

of the discipline you agreed should be imposed, against whom and for what conduct or action.

**ANSWER:**

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know. To the contrary, Rule 33 provides that:

[e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. . .. Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it.

44

Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on them until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Internal Affairs file. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his Internal Affairs file, this file is protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his Internal Affairs file, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiff's discovery request and maintain Defendant Gonzales' right to privacy, Defendant Gonzales will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order. Defendant Gonzales will agree to the production of his Internal Affairs file subject to a Protective Order providing for an in camera, ex parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed. See Lichtenstein, 660 F.2d at 435.

Additionally, Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient

45

privileges.  *See* Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000
(physician-patient and psychotherapist-patient privilege); Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996).
In Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a
clearly established privacy right in private medical records. See also, Flanagan v. Munger, 890 F.2d
1557 (10th Cir. 1989).  Accordingly, Defendant Gonzales will not produce or redact those portions
of the requested file which are privileged.

46

## INTERROGATORY NO. 18:

Please state in complete detail all authority and legal bases for your actions in connection with

the demonstration referred to in Plaintiff's Complaint.

## ANSWER:

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): . Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know. To the contrary, Rule 33 provides that:

[e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. ... Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

51

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. *See* Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. *See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14].* "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Based on these objections, Defendant Gonzales will not answer this interrogatory.

## INTERROGATORY NO. 19:

Please identify, refer to and cite verbatim any written or verbal order, policy, standard operating

procedure, or regulation regarding the imposition of discipline for the alleged use of excessive force;

assault; battery; false/wrongful arrest; and false imprisonment by APD employees.

## ANSWER:

Objection No. 1.  This interrogatory is overly broad and unduly burdensome.  Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable.  See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted).  Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case."  Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)).  "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense."  Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)).  "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'"  Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2.  The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33.  The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know.  To the contrary, Rule 33 provides that:

> [e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. . .. Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. See Attorney's Provisional Discovery Plan; p. 2 [Docket No. 14]. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained. To prevent repetition, Defendant Gonzales refers to the attachments to Sergeant Keith's Answers to Plaintiff John D. Fogarty's First Set of Interrogatories to Defendant Donald Keith, Bates Nos. D000001 - D000063. Copies of these documents may be reviewed at defense counsel's office at a mutually agreed upon time.

## INTERROGATORY NO. 20:

If you or your attorneys are aware of any statements, written or recorded, or other documents

obtained from any person purporting to have knowledge of the incidents alleged in Plaintiff's

Complaint, please describe each such statement with particularity, including, but not limited to, the

name, current address and telephone number of each person who gave any such statement and to

whom given; the dates of the statement; and the name, address and telephone number of the person

or persons whom you know or believe have possession or custody of each statement at this time.

## ANSWER:

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know. To the contrary, Rule 33 provides that:

[e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They

> should not seek narrative answers or attempt to argue, cross-examine, or impeach. They
> should be written so that the question and the expected answer can be understood easily
> when read at trial. . .. Whenever a decision is made to propound interrogatories, counsel
> should have clearly in mind what information he seeks and what he intends to do with it.
> Interrogatories should be targeted at discrete issues, rather than blanketing the case, and
> should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. *See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]*. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Internal Affairs file. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his Internal Affairs file, this file is protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his Internal Affairs file, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiff's discovery request and maintain Defendant Gonzaless right to privacy, Defendant Gonzales will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order. Defendant Gonzales will agree to the production of his Internal Affairs file subject to a Protective Order providing for an *in camera*, ex parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed. See Lichtenstein,

660 F.2d at 435.

Additionally, Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient privileges. See Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000 ( physician-patient and psychotherapist-patient privilege); Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996). In Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a clearly established privacy right in private medical records. See also, Flanagan v. Munger, 890 F.2d 1557 (10th Cir. 1989). Accordingly, Defendant Gonzales will not produce or redact those portions of the requested file which are privileged.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce, upon request, additional business records from which an answer to this interrogatory may be ascertained See Fed.R.Civ.P. 34(d). These records are the same as those listed in Defendant Gonzales's Answers to Plaintiff John D. Fogarty's First Set of Interrogatories to Defendant Donald Keith, Interrogatory 16:

| No. | Description | Bates Stamp No. |
|---|---|---|
| 1. | Supplemental Incident Report by Officer David Hubbard | D000001-D000003 |
| 2. | Supplemental Incident Report by Captain John Gonzales | D000004-D000021 |
| 3. | Supplemental Incident Report by Officer James Fox | D000022-D000024 |
| 4. | Supplemental Incident Report by Officer Daniel S. Magetteri | D000025-D000026 |
| 5. | Supplemental Incident Report by Officer James Montoya | D000027 |
| 6. | Supplemental Incident Report by Sergeant B. R. Carr | D000028-D000030 |
| 7. | Supplemental Incident Report by Lieutenant R. Hunstman | D000031-D000032 |
| 8. | Supplemental Incident Report by Officer Allen S. Hancock | D000033-D000034 |
| 9. | Supplemental Incident Report by Sergeant Shawn O'Connell | D000035-D000036 |
| 10. | Supplemental Incident Report by Officer ND Gonzales | D000037 |
| 11. | Supplemental Incident Report by Officer C. Lopez | D000038-D000039 |
| 12. | Supplemental Incident Report by Sergeant S. Hill | D000040-D000041 |
| 13. | Supplemental Incident Report by Officer E. Leveling | D000042-D000043 |
| 14. | Supplemental Incident Report by Officer D. Hammonds | D000044 |
| 15. | Supplemental Incident Report by Officer Ray DeFrates | D000045-D000047 |
| 16. | Supplemental Incident Report by Officer S. L. Grommes | D000048-D000049 |

| | | |
|---|---|---|
| 17. | Evidence Tag-Sergeant R. Sandoval | D000050 |
| 18. | Supplemental Incident Report by Officer D. Oliver | D000051-D000052 |
| 19. | Supplemental Incident Report by Officer K. H. Burt | D000053 |
| 20. | Supplemental Incident Report by Officer L. Golson | D000054 |
| 21. | Supplemental Incident Report by Officer N. Hamby | D000055 |
| 22. | Supplemental Incident Report by Officer M. D. Loftis | D000056 |
| 23. | Supplemental Incident Report by Officer D. Hensley | D000057 |
| 24. | Supplemental Incident Report by Officer #2697 | D000058 |
| 25. | Supplemental Incident Report by Sergeant Parker | D000059 |
| 26. | Supplemental Incident Report by Sergeant R. Sandoval | D000060-D000062 |
| 27. | Supplemental Incident Report by Officer Tom Armijo | D000063 |
| 28. | Supplemental Incident Report by Officer T. E. Armendariz | D000064 |
| 29. | Supplemental Incident Report by Officer K. D. Green | D000065 |
| 30. | Supplemental Incident Report by Officer L. Campbell | D000066 |
| 31. | Supplemental Incident Report by Officer J. D. Wood | D000067-D000068 |
| 32. | Supplemental Incident Report by Officer Dennis Lee Trujillo | D000069 |
| 33. | Supplemental Incident Report by Officer E. Brown | D000070 |
| 34. | Second Supplemental Incident Report by Officer E. Brown | D000071-D000073 |
| 35. | Supplemental Incident Report by Officer M. Thompson | D000074 |
| 36. | Supplemental Incident Report by Officer R. Carter | D000075 |
| 37. | Supplemental Incident Report by Sergeant Clarence Davis | D000076-D000077 |
| 38. | Supplemental Incident Report by Officer Michael Fisher | D000078-D000079 |
| 39. | Supplemental Incident Report by Officer James Perdue | D000080-D000081 |
| 40. | Supplemental Incident Report by Officer Pablo Padilla | D000082 |
| 41. | Supplemental Incident Report by Officer B. Lampiris-Tremba | D000083-D000084 |
| 42. | Supplemental Incident Report by Sergeant D. Keith | D000085 |

| 43. | Supplemental Incident Report by Captain M. M. Castro | D000086 |
|---|---|---|
| 44. | Supplemental Incident Reports by Sergeant D. A. Disrude | D000087-D000096 |
| 45. | Evidence Tags-Officer C. G. Davis | D000097-D000098 |
| 46. | Supplemental Incident Report by Officer F. Moralez | D000099-D000100 |
| 47. | Supplemental Incident Report by Officer T. Evores | D000101-D000102 |
| 48. | Supplemental Incident Report by Sergeant D. A. Disrude | D000103-D000104 |
| 49. | Supplemental Incident Report by Detective G. Hicks | D000105-D000106 |
| 50. | Supplemental Incident Report by Officer F. Moralez | D000107 |
| 51. | Pictures of people arrested | D000108-D000113 |
| 52. | APD SID Video | D000842 |
| 53. | Uncut Video Footage of "Street Heat" | D000843 |
| 54. | CD- Protest Pictures | D000844 |
| 55. | Dispatch Tape 3-20-03<br>7-16-03<br>CT 12<br>@ (1830)(2000) BY RSCP 29 | D0000845 |
| 56. | Dispatch Tape 3-20-03<br>7-16-03<br>CT 16<br>@ (1830)(2000) BY RSCP 29 | D000846 |
| 57. | Dispatch Tape 3-20-03<br>7-16-03<br>CT 28<br>@ (1830)(2000) BY RSCP 29 | D000847 |
| 58. | Dispatch Tape 3-20-03<br>7-16-03<br>CT 33<br>@ (1830)(2000) BY RSCP 29 | D000848 |
| 59. | Dispatch Tape 3-20-03<br>7-16-03<br>CT 20<br>@ (1830)(2000) BY RSCP 29 | D000849 |

59

| 61. | Dispatch Tape 3-20-03<br>7-16-03<br>CT 15<br>@ (1830)(2000) BY RSCP 29 | D000851 |
|-----|------------------------------------------------------------------------|---------|
| 62. | Dispatch Tape 3-20-03<br>7-16-03<br>CT 32<br>@ (1830)(2000) BY RSCP 29 | D000850 |
| 63. | Video Tape: War Protest<br>KOB NBC-4 10 p.m. news 3/20/03<br>KOAT ABC-7 10 p.m. news 3/20/03<br>KRQE CBS-13 10 p.m. news 3/20/03 | D000089 |
| 64. | Street Heat Video | D000090 |

## INTERROGATORY NO. 21:

If you approved or authorized the use of tear gas, pepper spray and other weapons/chemical

agents during the March 20, 2003 demonstration, please identify each and every APD policy, standard

operating procedure and regulation applicable to the use of tear gas, pepper spray and other

weapons/chemical agents that were used during such demonstration. If you did not authorize such

use please provide the full name, department, badge number or other ID number and department or

cell telephone number of all those individuals who did authorize such use.

## ANSWER:

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know. To the contrary, Rule 33 provides that:

[e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They

61

should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. . . . Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Without waiving objections No. 1 and No. 2, Defendant Gonzales will produce business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Supplemental Report for APD Case No. 03-55355. See Fed.R.Civ.P. 34(d). Defendant Gonzales has already produced this document. Defendant Gonzales will also produce another set of business records from which an answer to this interrogatory may be ascertained: Defendant Gonzales' Internal Affairs file. See Fed.R.Civ.P. 34(d). However, Defendant Gonzales states that with regard to the disclosure of his Internal Affairs file, this file is protected by his federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981).

To produce his Internal Affairs file, Defendant Gonzales require reasonable assurances that the information contained in the file remains confidential. To accommodate Plaintiff's discovery request and maintain Defendant Gonzales' right to privacy, Defendant Gonzales will agree to an Unopposed Motion For Protective Order and Stipulated Protective Order. Defendant Gonzales will agree to the

production of his Internal Affairs file subject to a Protective Order providing for an *in camera*, ex parte review by Chief Magistrate Judge Garcia to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed. See Lichtenstein, 660 F.2d at 435.

Additionally, Defendant Gonzales objects to the disclosure of any document which is protected by the attorney-client, attorney work product, physician-patient, and psychotherapist-patient privileges. See Rule 11-503 NMRA 2000 (lawyer-client privilege); Rule 11-503 NMRA 2000 (physician-patient and psychotherapist-patient privilege); Jaffee v. Redmond, 518 U.S. 1, 9-10 (1996). In Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994), the Tenth Circuit stated that there is a clearly established privacy right in private medical records. See also, Flanagan v. Munger, 890 F.2d 1557 (10th Cir. 1989). Accordingly, Defendant Gonzales will not produce or redact those portions of the requested file which are privileged.

Without waiving objections No. 1 and No. 2, Captain Gonzales gave orders to various supervisor officers to use CS gas to disperse protestors who refused to clear Central Avenue after repeated lawful orders to do so.

Defendant Gonzales, upon request, will produce business records from which an answer to this interrogatory may be ascertained. See Fed.R.Civ.P. 34(d). To prevent repetition, Defendant Gonzales refers to the attachments to Sergeant Keith's Answers to Plaintiff John D. Fogarty's First Set of Interrogatories to Defendant Donald Keith, Bates Nos. D000001 - D000063. Copies of these documents may be reviewed at defense counsel's office at a mutually agreed upon time.

## INTERROGATORY NO. 22:

For each affirmative defense you asserted in your answer or intend to assert in this action, please provide all factual and legal bases which support each of your defenses.

## ANSWER:

Objection No. 1. This interrogatory is overly broad and unduly burdensome. Interrogatories which seek "each and every fact" and which blanket an entire case or claim are objectionable. See, e.g., Hiskette v. Wal-Mart Stores, Inc., 180 F.R.D. 403, 404-05 (D.Kan. 1998) ("[i]nterrogatories should not require the answering party to provide a narrative account of its case. * * * The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.") (citations omitted); Hilt v. SFC Inc., 170 F.R.D. 182, 186 (D.Kan. 1997) ("[r]ecent authority counsels discretion and a tempered use of interrogatories seeking all supporting facts and those which duplicate the initial disclosures required by Rule 26(a)(1): Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only.") (citation omitted). Moreover, "[i]nterrogatories should not require the answering party to provide a narrative account of its case." Hiskette, 180 F.R.D. at 404 (citing Hilt, 170 F.R.D. at 186, 188; Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 662 (D.Kan. 1996)). "Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense." Hiskette, 180 F.R.D. at 405 (citing Lawrence, 169 F.R.D. at 664; IBP, Inc. v. Mercantile Bank, 179 F.R.D. 316, 320 (D.Kan. 1998)). "Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party 'the duty to answer them by setting forth the material or principal facts.'" Hiskette, 180 F.R.D. at 405 (quoting IBP, Inc., 179 F.R.D. at 321-22).

Objection No. 2. The interrogatories served on Defendant Gonzales are unduly burdensome because the combined number of interrogatories and their subparts exceeds the number of interrogatories allowed by Federal Rule of Civil Procedure 33. The Federal Rules of Civil Procedure which govern discovery provide no absolute, unlimited right to find out every conceivable, relevant fact that opposing litigants know. To the contrary, Rule 33 provides that:

> [e]ach interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only. The question should be objective and nonargumentative. They should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial. . .. Whenever a decision is made to propound interrogatories, counsel should have clearly in mind what information he seeks and what he intends to do with it. Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number.

Hilt v. SFC Inc., 170 F.R.D. 182, 188 (D.Kan. 1997).

Rule 33(a) only allows a party to serve 25 interrogatories, including all discrete subparts. See Fed.R.Civ.P. 33(c). The limitation on the number of interrogatories which a party may serve is further limited by Local Rule 26.5(b). D.N.M.LR-Civ. 26.5(b). Moreover, the Attorney's Provisional Discovery Plan in this matter authorizes Plaintiff to serve a Defendant Gonzales with only 25 interrogatories. See Attorney's Provisional Discovery Plan, p. 2 [Docket No. 14]. "Even where fewer than twenty-five interrogatories are served, or the parties have agreed pursuant Rule 29 to allow a greater number, judges may look askance at sets of interrogatories that appear to be unduly burdensome, and may demand a justification for the interrogatories before ordering responses." Hilt, 170 F.R.D. at 187-88.

Counting Plaintiffs' interrogatories and their subparts, Plaintiff far exceeded the number of interrogatories which the Rules and the Court allowed him to ask. Therefore, Defendant Gonzales is not required to answer the interrogatories Plaintiff served on him until Plaintiff has complied with Rule 33.

Based on these objections, Defendant Gonzales will not answer this interrogatory.

Respectfully submitted,

Jerry A. Walz, Esq.
Martha Chicoski, Esq.
Attorneys for Defendant Gonzales
Walz and Associates
12009 N. Highway 14
Cedar Crest, NM 87008
505-281-3414

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JOHN D. FOGARTY**

       Plaintiff,

**vs.**
                          **No. CV-05-0026 WJ/LFG**

**GILBERT GALLEGOS, JOHN GONZALES,
DONALD KEITH, and MICHAEL FISHER
in their individual capacities, and the CITY OF
ALBUQUERQUE,**



       Defendants.

## DEFENDANT JOHN GONZALES' RESPONSE TO PLAINTIFF JOHN D. FOGARTY'S FIRST REQUESTS FOR PRODUCTION

COMES NOW, Defendant John Gonzales, by and through counsel, Jerry A. Walz and Martha Chicoski, Walz and Associates, hereby provides the following Response to Plaintiff John D. Fogarty's First Requests for Production.

**REQUEST FOR PRODUCTION NO. 1:**

All documents to which you referred, described, or which you consulted in formulating your answers to Plaintiff's First Set of Interrogatories. For any such documents you claim are protected by the attorney/client privilege or are protected work product, please produce a privilege log.

**RESPONSE:**

Defendant Gonzales has yet to be served with an amended Set of Interrogatories, per the agreement of counsel, which occurred during the telephonic conference with Judge Garcia on April 29, 2005.

**EXHIBIT 2**

**REQUEST FOR PRODUCTION NO. 2:**

Please produce any and all documents in your possession regarding your employment during the past ten [10] years, including but not limited to all documents which have been purged from any APD files.

**RESPONSE:**

Defendant Gonzales, through counsel, is in the process of obtaining his employment records for this request. A request for the documents has been made through the appropriate channels. After the records are obtained, they will be produced, or appropriate objections will be made.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce copies of all complaints, whether filed with the APD independent review office, internal affairs, in a civil action, in any personnel action, or by any City of Albuquerque employee, against you during your employment with the City of Albuquerque Police Department [APD], including but not limited to all documents which have been purged from any APD files.

**RESPONSE:**

Defendant Gonzales, through counsel, is in the process of obtaining these records to respond to this request. A request has been made through the appropriate channels. After the records are obtained, they will be produced, or appropriate objections will be made. Further, any such files located will only be produced pursuant to a Confidentiality Order following an *in camera* review by the Court.

2

**REQUEST FOR PRODUCTION NO. 4:**

Please produce copies of all documents that you intend to use, or may use as exhibits in this lawsuit, including but not limited to documents that you may use as exhibits in motions practice, at deposition, at trial or for impeachment purposes.

**RESPONSE:**

No decisions have yet been made as to documents or other materials that may be used as exhibits in this lawsuit.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce a copy or make available for inspection and copying all audio tapes, belt tapes, photographs or video tapes regarding any aspect of the demonstration referred to in Plaintiff's Complaint.

**RESPONSE:**

Defendant Gonzales is no longer employed by APD, and is not in possession, custody, control, or legal authority over these materials. Upon information and belief, these materials would be in the custody and control of the City of Albuquerque.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce an un-redacted copy of each and every document relating to any investigation and findings made against you by any entity or any individual for any type of misconduct, and copies of all documents relating to any disciplinary action that was taken or implemented against you within the immediately preceding 10 [ten] years, including by not limited to any documents which have been purged from APD files.

3

**RESPONSE:**

Defendant Gonzales through counsel is in the process of obtaining his employment records for this request. After the records are obtained, they will be produced, or appropriate objections will be made. Further, any such files located will only be produced pursuant to a Confidentiality Order following an in camera review by the Court.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce an un-redacted copy of all reports you drafted or generated that pertain to the demonstration referred to in Plaintiff's Complaint.

**RESPONSE:**

Produced. See Bates No. Def. John Gonzales 0001-00018.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce copies of all confidential, internal or "intelligence" documents compiled concerning you, compiled by you or on your behalf during your employment with APD, including but not limited to all documents that have been purged from any APD file.

**RESPONSE:**

Defendant Gonzales is no longer employed by APD, and is not in possession, custody, control, or legal authority over these materials. Upon information and belief, these materials, if they exist, would be in the custody and control of the City of Albuquerque.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all certificates, materials, work books, text books, and any other documents you have ever received *or* provided in the course of or as a result of education or training of City of Albuquerque Police Department employees regarding excessive force, false arrest, false imprisonment, assault, battery, use of tear gas and use of pepper spray.

**RESPONSE:**

Defendant Gonzales is no longer employed by APD, and is not in possession, custody, control, or legal authority over these materials. Upon information and belief, these materials, if they exist, would be in the custody and control of the City of Albuquerque, most likely in the Albuquerque Police Department S.W.A.T. office.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce copies of each and every document evidencing sworn testimony given by you in the last fifteen [15] years, including but not limited to deposition transcripts, trial transcripts, affidavits, and answers to interrogatories.

**RESPONSE:**

Defendant Gonzales appeared in approximately 500-600 trials during his employment with APD. This includes traffic court, metro court, district court, DWI hearings and federal court proceedings. Defendant Gonzales does not have copies of transcripts, affidavits, or answers to interrogatories from any of these proceedings.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce a copy of all written communications and statements which you either received from or provided to any entity or individual which concern or mention Plaintiff other than those you produced in response to any requests set forth above. For any such documents you claim are protected by the attorney/client privilege or are protected work product, please produce a privilege log.

**RESPONSE:**

Defendant John Gonzales has no knowledge of any such communications or statements.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce a copy of each and every document that supports, or upon which you intend to rely for your defense of the case, including, but not limited to each affirmative defense in your answer.

**RESPONSE:**

Defendant John Gonzales objects to this Request for the reason that this case is still in the early stages of discovery and has not decided, through counsel, as to the

6

identification of such material. Affirmative defenses are required to be pleaded, or they are generally waived. As documents are obtained in discovery from Plaintiff and co-Defendants, any such documents that may apply to the affirmative defenses pleaded by Defendant Gonzalez will be identified and produced. A copy of Defendant Gonzales' Bates Numbered attachment 0001 through 0018 are applicable to Defendant Gonzales' affirmative defenses of qualified immunity, and the reasonableness of his actions. Generally, see Gonzales' Affirmative Defenses one, two, three, four, seven, and eight. However, it is anticipated that future deposition testimony by Plaintiff and Plaintiff's witnesses also will be utilized by Defendant Gonzales in support of his affirmative defenses.

Respectfully Submitted,

WALZ AND ASSOCIATES

Jerry A. Walz, Esq.
Martha Chicoski, Esq.
Attorneys for Defendant John Gonzales
12009 N. Highway 14
Cedar Crest, NM 87008
(505) 281-3414
(505) 286-8171 (fax)

7

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JOHN D. FOGARTY**

        Plaintiff,

**vs.**                                **No. CV-05-0026 WJ/LFG**

**GILBERT GALLEGOS, JOHN GONZALES,
DONALD KEITH, and MICHAEL FISHER
in their individual capacities, and the CITY OF
ALBUQUERQUE,**

        Defendants.

## STIPULATED PROTECTIVE ORDER REGARDING DEFENDANT JOHN GONZALES' INTERNAL AFFAIRS AND PERSONNEL FILES

      **THIS MATTER** came before this Court on Defendant John Gonzales'

*Unopposed Motion for Protective Order Regarding Defendant Gonzales' Internal Affairs*

*and Personnel Files.* This Court reviewed the Motion and the arguments made therein

and considered that all the parties to this litigation do not oppose this Motion.

Accordingly, this Court finds that Defendant Officer's Unopposed Motion for Protective

Order Regarding Defendant Gonzales' Internal Affairs and Personnel Files is well-taken

and should be granted.

      **IT IS THEREFOER ORDERED, AJUDGED AND DECREED** that:

      A.     Defendant Gonzales' Unopposed Motion for Protective Order Regarding

Defendant Gonzales' Internal Affairs and Personnel Files is hereby granted;

      B.     Defendant Gonzales shall produce to Chief United States Magistrate Judge

Lorenzo F. Garcia a copy of those portions of his internal affairs and personnel files

**EXHIBIT 3**

which Defendant Gonzales contends are privileged from disclosure. This Court will then conduct an *in camera* inspection to ensure that neither privileged matters nor information which is entitled to a reasonable expectation of privacy is disclosed. Defendant Gonzales shall produce these limited portions of their Internal Affairs and personnel files within ten (10) days from the date on which this Court enters this Stipulated Protective Order;

C.     Defendant Gonzales shall file with the Court a brief and a *Vaughn* index which sets forth the factual and legal basis for their objections to the production of their Internal Affairs and personnel files. Defendant Gonzales shall file his brief and *Vaughn* index on the date that his Internal Affairs and personnel files are produced to the Court and shall serve a copy of the brief and *Vaughn* index on Plaintiff's counsel;

D.     Plaintiff shall have fourteen (14) days from the date on which Defendant Gonzales serves Plaintiff's with Defendant Gonzales' brief and *Vaughn* index to file objections to Defendant Gonzales' claims of privilege;

E.     Defendant Gonzales shall produce to Plaintiff's counsel a copy of those portions of his Internal Affairs and personnel files which Defendant Gonzales does *not* contend are privileged from disclosure within ten (10) days of this Court's entry of this Stipulated Protective Order;

F.     Plaintiff and Plaintiff's counsel shall hold Defendant Gonzales' Internal Affairs and personnel files in the strictest of confidence, store the files securely, and use the files solely for the purposes of this litigation;

G.     Plaintiff and Plaintiff's counsel shall not disclose or produce Defendant Gonzales' Internal Affairs and personnel files to any non-party at any time except for police procedures experts retained by Plaintiff in this matter and for use as exhibits at

trial;

H.     Plaintiff and Plaintiff's attorneys shall limit access to Defendant Gonzales' Internal Affairs files to those qualified persons (attorneys, associates, staff/ employees who are working on the litigation, and Plaintiff's police procedures experts) who are authorized to receive the files under a Protective Order;

I.     Plaintiff and Plaintiff's shall return to Defendant Gonzales his Internal Affairs and personnel files produced under this Protective Order within thirty (30) days of the resolution of this case;

J.     Plaintiff and Plaintiff's attorneys shall purge all copies of Defendant Gonzales' Internal Affairs and personnel files from Plaintiff and Plaintiff's attorney's files at the resolution of the lawsuit.


_____
The Honorable Lorenzo F. Garcia
Chief United States Magistrate Judge


SUBMITTED BY:

WALZ AND ASSOCIATES

By:     _____
        Jerry A. Walz
        Martha Chicoski
        Attorneys for Defendant Gonzales
        12009 N. Highway 14
        Cedar Crest, NM 87008
        505-281-3414
        505-242-1106 (fax)

Respectfully submitted,

WALZ AND ASSOCIATES

_____
Jerry A. Walz
Martha Chicoski
Attorneys for Defendant Gonzales
12009 N. Highway 14
Cedar Crest, NM 87008
505-281-3414

**Certification of mailing:**

I hereby certify that a true and
correct copy of the foregoing
pleading was sent via U.S. mail
on this ____ day of July, 2005 to
the following counsel of record:

Paul J. Kennedy, Esq.
Mary Y.C. Han, Esq.
Attorneys for Plaintiff
201 12th Street, NW
Albuquerque, NM 87102
505-842-8662

Kathryn C. Levy, Esq.
Deputy City Attorney
P.O. Box 2248
Albuquerque, NM 87103
505-768-4500

Luis Robles, Esq.
Robles, Rael & Anaya, PC
500 4th Street, Ste. 200
Albuquerque, NM 87102
505-242-2228