IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN D. FOGARTY,

        Plaintiff,

vs.                                                           No. CIV 05-26 WJ/LFG

GILBERT GALLEGOS, JOHN GONZALES,
DONALD KEITH, and MICHAEL FISHER in
their individual capacities, and the CITY of
ALBUQUERQUE,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR DETERMINATION OF THE
SUFFICIENCY OF DEFENDANTS KEITH AND FISHER'S
ANSWERS TO PLAINTIFF'S INTERROGATORIES
AND MOTION TO COMPEL**

THIS MATTER comes before the Court on the Motion by Plaintiff John D. Fogarty ("Fogarty") for Determination of the Sufficiency of Defendants Keith and Fisher's Answers to Plaintiff's Interrogatories and Motion to Compel [Doc. 38], filed herein on July 20, 2005.

Plaintiff's initial motion was quite brief. It simply asked the Court to "determine the sufficiency" of Defendants Keith and Fisher's responses to interrogatories propounded by Plaintiff. Plaintiff did not specify any particular interrogatory answer nor describe why the answers were insufficient. Instead, several days after filing this brief motion, Plaintiff filed "Exhibits 1 and 2" to the Motion [Doc. 47], which consisted of Defendant Keith's answers to the interrogatories [Ex. "1"], and

Defendant Fisher's answers to the interrogatories [Ex. "2"].[1]  Nothing in these exhibits was highlighted, in violation of the Court's Local Rule D.N.M.LR-Civ. 10.6, and Plaintiff did not explain to the Court or to opposing counsel which answers he claims to be unresponsive.

Defendants Keith and Fisher (hereinafter referred to as "Defendants"), filed their Response [Doc. 50] on August 3, 2005, pointing out that Plaintiff failed to specify which interrogatories were at issue in the Motion and noting that Defendants could not respond with any specificity, "other than to refer the Court to the objections and answers which Plaintiffs attached as exhibits."  Defendants also argued that they "fully responded to the overwhelming majority of the interrogatories or simply requested the entry of a protective order . . . ."  Defendants also stated that, if Plaintiff were to be more specific in their Reply brief, Defendants would request leave to file a surreply.

Plaintiff's Reply brief [Doc. 57] was more specific.  Because Defendants were not given a chance to respond to these specifics due to the irregular way in which Plaintiff approached this Motion to Compel, the Court would have granted Defendants' request to file a surreply, if they had filed such a request.  They did not make such a request, however, and the Court will proceed to consider the specific grounds for relief set forth in Plaintiff's Reply, without benefit of any more specific input from Defendants aside from the arguments presented in their Response.

The Court admonishes Plaintiff that simply presenting an entire set of interrogatories, and demanding that the Court "determine the sufficiency" of Plaintiff's answers thereto, is improper procedure.  Any motions submitted in this format in the future will be summarily denied.

---

[1]The interrogatories directed to Defendant Keith are nearly identical to those directed to Defendant Fisher, and the responses were substantially the same for both officers; thus, the Court follows the lead of the parties in their briefing and will not differentiate between the two individual Defendants, except where Plaintiff varied the numbering or wording as between the two sets of interrogatories.  Any such differences will be noted in the course of the discussion below.

**Discussion**

The facts and procedural history of this case are set forth in the Court's Protective Order and Memorandum Opinion and Order [Doc. 54] on Plaintiff's earlier motion to determine sufficiency of Defendants Keith and Fisher's responses to request for production, and will be referred to herein only as necessary to discussion of the issues.

Interrogatory No. 2

In this interrogatory, Plaintiff asks that Defendants describe "in complete detail" their employment history for the past fifteen years, including job title and duties, dates they worked at each place of employment, the salary and benefits received, and the circumstances surrounding their departure from the job. Plaintiffs also ask that Defendants sign and return an attached employment release.

Defendants object to this interrogatory as overly broad and unduly burdensome. They also object on grounds that the multiple subparts to the interrogatory are designed to get around the numerical limit on interrogatories. They also object to the request for a signed employment release, arguing that Defendants' non-Albuquerque Police Department ("APD") employment records are not relevant to the case.

Without waiving their objections, Defendants state that they will produce Defendants' personnel files, subject to their constitutional right to privacy and subject to a protective order providing for an *in camera* review by the undersigned Magistrate Judge, to ensure that neither privileged information nor private matters are disclosed. Defendants also object to disclosure of any documents protected by attorney-client, work product, physician-patient and psychotherapist-patient privilege, and state they will not produce or will redact those portion of the personnel file which are

privileged.

Defendant Keith then lists his work history from 1991 to present, giving dates, job titles, and employers. Defendant Fisher does the same, starting in 1995.

In his Reply brief, Plaintiff states that Defendants failed to sign and return the employment releases, failed to produce the personnel files at issue, and failed to produce a privilege log. Plaintiff argues that Defendants "asserted an absolute privacy right entitling them to withhold information." This is incorrect. Defendants appear to assert a qualified privacy right and offer to produce the personnel files along with a privilege log for *in camera* inspection, subject to that right of privacy. To the extent, however, that Defendants are simply refusing to "produce or redact" documents, even for *in camera* inspection, for which they claim a privilege, the Court advises Defendants that this is improper. Any documents or portions of documents as to which Defendants assert a privilege must be provided to the Court, along with a Vaughn index. The final privilege determination will be made by the Court. This directive applies to all interrogatories discussed herein.

In its earlier Order [Doc. 54] on Plaintiff's motion to compel these two Defendants to respond to his Requests for Production, the Court discussed the issues surrounding privacy of law enforcement officers' personnel files, pursuant to Denver Policemen's Protective Association v. Lichtenstein, 660 F.2d 432 (10th Cir. 1981), and other authorities. The Court ordered that, to the extent that Defendants' personnel files and internal affairs files, as responsive to the Requests for Production, had not already been produced directly to Plaintiff, Defendants must produce them for *in camera* inspection, along with a Vaughn index, describing the portions which Defendants seek to protect and the reasons for claiming a privilege as to these portions. The disclosure was to be made subject to a Protective Order which was set forth at the end of the Memorandum Opinion [Doc. 54,

at 15-16]. Defendants complied with this Order on August 25, 2005.

The Court will not order Defendants to sign the employment releases but will order that Defendants produce directly to Plaintiff any portions of their personnel files responsive to this interrogatory, which they have not already produced. Any portions of the personnel files for which Defendants seek protection under a claim of privilege must be submitted to the Court for *in camera* inspection, in the same manner as described in the Court's earlier Order [Doc. 54], and must be accompanied by a Vaughn index. The protective order issued as part of that Order [Doc. 54] will apply to this discovery. The employment records to be produced are to cover the time period five years prior to March 20, 2003 and a period of two years after that date.

The Court does not find that this interrogatory, nor any of the others, violates the numerical limitation. The subparts are relevant to the main question asked in each, and the interrogatories do not appear designed to get around the restriction. All objections based on this ground are overruled.

Interrogatory No. 3

In this interrogatory, Plaintiff seeks Defendants' complete educational history and asks that they sign an educational release.

Defendants object to the interrogatory as overly broad and unduly burdensome, and violative of the numerical limit on interrogatories. In addition, Defendants argue that the allegations against them consist of charges of excessive force, not charges that they did not possess the education necessary to become a police officer, and the information sought is therefore irrelevant to the case. Without waiving the objection, Defendants state that they will produce the officers' personnel files for *in camera* review, subject to a Protective Order, and will produce the officers' APD training records. In addition, Defendants answered this interrogatory by listing their educational background

5

since 1988 (for Defendant Keith), and since 1995 (for Defendant Fisher).

Plaintiffs argue that these answers are insufficient, as Defendants failed to sign the educational release forms and have not produced the records they agreed to produce. The Court will not order Defendants to sign the releases but will order that they produce, directly to Plaintiff, the APD training records directly to Plaintiff, as agreed. In addition, any portions of their personnel files responsive to this interrogatory, for which Defendants seek protection under any privilege, must be submitted to the Court for *in camera* inspection, in the same manner as described in the Court's earlier Order [Doc. 54], and must be accompanied by a Vaughn index. The Protective Order issued as part of that Order [Doc. 54] will apply to this discovery.

### Interrogatory No. 6

In this interrogatory, Plaintiff asks that Defendants "outline in complete detail the circumstances of your involvement at the March 20, 2003 demonstration referred to in Plaintiff's Complaint," including information as to times of arrival and departure, weapons and ammunition worn and used, and any contact Defendants had with any demonstrator.

Defendants object to the interrogatory as overly broad and unduly burdensome and violative of the numerical limit on interrogatories. Without waiving the objections, Defendants both provide a brief synopsis of their involvement in the demonstration, including information as to weapons used and contact with demonstrators. In addition, they state that they will produce certain documents from which an answer to the interrogatory can be ascertained, including both Defendants' "Supplemental Reports" on the incident (which they state have already been produced), and both Defendants' internal affairs files (which they state they will produce for *in camera* inspection by the Court, subject to a Protective Order).

Plaintiff asserts in his Reply that Defendants have failed to produce the documents noted above and have failed to produce a privilege log for the documents withheld under a clam of privilege. Defendants shall produce all documents which they agreed, in their answers to interrogatory No. 6, to produce. Any portions of the internal affairs files which are responsive to this interrogatory, for which Defendants seek protection under any privilege, must be submitted to the Court for *in camera* inspection in the same manner as described in the Court's earlier Order [Doc. 54], and must be accompanied by a <u>Vaughn</u> index. The Protective Order issued as part of that Order [Doc. 54] will apply to this discovery.

<u>Interrogatory Nos. 7 and 8 (to Keith) and Interrogatory No. 7 (to Fisher)</u>[2]

In these interrogatories, Plaintiff asks Defendant Keith to describe each order he gave to any APD officer at the March 20, 2003 demonstration, stating why and to whom each such order was given, and asks that both Defendants describe any order they followed in connection with the demonstration, stating the substance of each order and the person who gave the order.

Defendants object that the interrogatories are overly broad and unduly burdensome and violate the numerical restrictions on interrogatories. Without waiving the objections, Defendants state they will provide the same documentation as agreed with respect to Interrogatory No. 6. In addition, they both provide an answer to the questions asked in these interrogatories.

Plaintiff states in his Motion that Defendants have not produced the documents which they agreed, in their answers to these interrogatories, to produce. These are the same documents discussed above in connection with Interrogatory No. 6, and the Court orders that the documents be

---

[2]After Interrogatory No. 6, the numbering of the two sets of interrogatories diverges; however, the two Defendants are asked substantially the same questions.

produced to the extent they are responsive to Interrogatory Nos. 7 and 8 (to Keith) and Interrogatory No. 7 (to Fisher), and that any portions of the documents for which Defendants seek protection under any privilege must be submitted to the Court for *in camera* inspection, in the same manner as described in the Court's earlier Order [Doc. 54], and must be accompanied by a Vaughn index. The Protective Order issued as part of that Order [Doc. 54] will apply to this discovery.

In addition, Plaintiff complains that, in the answer provided, Defendants failed to identify the officers who carried out Captain Gonzales' orders. This complaint is well taken. Defendant Keith refers to "various supervisor officers," "other officers," "the officers he supervised," "officers who were arriving at the location," and "the member of his ERT squad." Defendant Keith is directed to identify these officers by name. If he cannot do so, he must state the reasons why he cannot.

Similarly, Defendant Fisher refers in his answer to "supervisory officers" who gave order to use CS gas; however, he states he cannot recall the identities of those supervisory officers. He also refers to "other officers," and "supervisory officers [who] coordinated and directed the movements of the ERT officers," but he does not identify who these particular supervisory officers are, nor who the ERT officers are. Defendant Fisher is directed to supply these identities. If he cannot do so, he must state the reasons why he cannot.

<u>Interrogatory Nos. 9-11, 13-15 (to Keith) and 8-10, 12-14 (to Fisher)</u>

These interrogatories cover a wide variety of topics. Defendants objected to each of these interrogatories. Without waiving these objections, Defendants provide answers to some of these interrogatories and state that they have produced, or will produce for *in camera* inspection and subject to a Protective Order, documents including the officers' Supplemental Reports, their internal affairs files, and their personnel files.

8

Plaintiffs complain that the documents have not been produced. The Court orders that the documents, as agreed by Defendants, be produced to the extent they are responsive to Interrogatory Nos. 9-11 and 13-15 (Keith), and 8-10 and 12-14 (Fisher), and that any portions of the documents for which Defendants seek protection under a claim of privilege must be submitted to the Court for *in camera* inspection, in the same manner as described in the Court's earlier Order [Doc. 54], and must be accompanied by a Vaughn index. The Protective Order issued as part of that Order [Doc. 54] will apply to this discovery.

Interrogatory No. 16 (to Keith) and Interrogatory No. 18 (to Fisher)

In these interrogatories, Plaintiff asks for a description of all witness statements, written or recorded, regarding the incidents in question, stating the name, address, and telephone number of the person giving the statement, the name of the person to whom it was given, and the name, address and telephone number of the person currently having possession of the statement.

Defendants object on the same grounds as for the previous interrogatories. Without waiving the objections, Defendants state they will produce a number of Supplemental Incident Reports and other documents, and will provide their internal affairs file for *in camera* inspection and subject to a Protective Order.

Plaintiff states in his Reply that Defendants failed to produce the documents as agreed. Defendants are ordered to produce all documents listed in their response to Interrogatory No. 16 (Keith) and Interrogatory No. 18 (Fisher). Plaintiff makes the demand that Defendants copy the documents and deliver them to Plaintiff's counsel's office, at Defendants' expense. However, in his Reply brief on a motion to compel directed to Defendant Gonzales [Doc. 60], Plaintiffs states that he "has requested that all Defendants simply have their documents copied and delivered to Plaintiff

9

at Plaintiff's expense." [Doc. 60, at 7].  This latter is a reasonable method of production, and the Court directs the parties to proceed in that manner.

In addition, any portions of Defendants' internal affairs files responsive to these interrogatories must be produced, as agreed in their answers.  For any portion of the internal affairs files for which Defendants seek protection under a claim of privilege, they must submit those portions to the Court for *in camera* inspection, in the same manner as described in the Court's earlier Order [Doc. 54], and must accompany these portions with a Vaughn index.  The Protective Order issued as part of that Order [Doc. 54] will apply to this discovery.

<u>Interrogatory No. 17 (to Keith) and Interrogatory No. 16 (to Fisher)</u>

Interrogatory No. 17 directed to Defendant Keith instructs him to "state in complete detail all authority and legal bases for your actions in connection with the demonstration referred to in Plaintiff's Complaint."  Interrogatory No. 16 directed to Defendant Fisher is identical, with the following addition; "and state whether and how any of your actions violated such authority and legal bases."

Defendants objected on grounds these interrogatories are overly broad and unduly burdensome, and violate the numerical restrictions, and on these grounds Defendants refused to answer.  As noted above, the Court does not find that these interrogatories violate the numerical restrictions.  The Court also rejects Defendants' assertions that the question is "overly broad and unduly burdensome."  Contention interrogatories such as these are a permissible form of discovery authorized by the federal rules, and a response is required.  Starcher v. Correctional Med. Sys., Inc., 144 F.3d 418, 421 n.2 (6th Cir. 1998).  Their purpose is to narrow and define issues for trial and to enable the propounding party to determine the proof necessary to rebut the opponents' position.

10

Koch v. Koch Indus., Inc., 6 F. Supp. 2d 1192, 1200 (D. Kan. 1998); Fed. R. Civ. P. 33 advisory committee's note (1970).

Contention interrogatories are appropriately served toward the close of discovery, B. Braun Med. Inc. v. Abbott Labs., 155 F.R.D. 525, 527 (E.D. Pa. 1994), which is where this case is at present. The fact that Defendants are required to disclose the theory of their claims is not a proper basis for objection to an interrogatory at this stage. Defendants' objections are overruled, and they are directed to fully respond to these interrogatories.

Interrogatory No. 18 (to Keith) and Interrogatory No. 17 (to Fisher)

In these interrogatories, Plaintiff asks Defendants to identify all APD standards, policies or regulations concerning imposition of discipline for alleged use of excessive force, assault, battery, false/wrongful arrest, and false imprisonment. Without waiving their objections, Defendants state that they "will produce business records from which an answer" to these interrogatories may be ascertained; then they attach a number of documents.

Plaintiff states in his Reply that these answers are ambiguous, as it is impossible to ascertain from them whether there are additional documents which Defendants "will produce" or whether the documents already produced constitute Defendants' entire answer to these interrogatories.

Defendants are directed to clarify their answers.

Interrogatory No.19 (to Keith) and Interrogatory No. 15 (to Fisher)

Plaintiff asks Defendants to identify witnesses whom they intend to present at trial and describe their anticipated testimony. Defendants objected but, without waiving their objections, listed a number of individuals whom they "may call . . . as witnesses at trial," and included for each a brief description of his or her testimony. Defendants also stated that they "will produce" certain business

records from which an answer to the interrogatories may be ascertained.

The Court overrules Defendants' objections to these interrogatories. In his Reply, Plaintiff notes that, at the Rule 16 scheduling conference in this case, the Court directed Defendants to narrow their list to those witnesses whom Defendants will actually present at trial so that Plaintiff could determine which witnesses to depose, given the 10-deposition limit. Defendants' responses to these interrogatories, listing 24 witnesses whom they "may" call, is not responsive to the question. In addition, it is not sufficient for Defendants to refer Plaintiff to documents by way of describing each witness's anticipated testimony.

Defendants are directed to provide a list of witnesses whom they will call at trial and to provide, for each such witness, a description of their proposed testimony.

Interrogatory No. 20 (to Keith) and Interrogatory No. 19 (to Fisher)

In these interrogatories, Defendants are asked whether they used tear gas, pepper spray, or other chemical agents at the March 20, 2003 demonstration and, if so, to identify APD policies, procedures, and regulations applicable to the use of any such agents.

Defendants object but state that, without waiving their objections, will produce records from which the answer to this interrogatory may be ascertained, including the two officers' Supplemental Reports (which they state they already produced), as well as the officers' internal affairs files (for *in camera* inspection and subject to a protective order). Defendants also respond to these interrogatories with certain information about orders that were given with respect to the use of CS gas and about Defendants' use or non-use of pepper ball guns; and they produced several documents including APD Standard Operating Procedures.

Plaintiff complains that he cannot ascertain from the answer whether the documents disclosed

12

constitute all documents responsive to these interrogatories. Defendants are directed to clarify the answer in this regard.

Plaintiff also states that other documents have not been produced. Defendants are directed to produce all documents which they agreed, in their responses to these interrogatories, to produce. In addition, any portions of Defendants' internal affairs files responsive to these interrogatories must be produced, as agreed in their answers. For any portion of the internal affairs files for which Defendants seek protection under a claim of privilege, they must submit those portions to the Court for *in camera* inspection, in the same manner as described in the Court's earlier Order [Doc. 54], and must accompany these portions with a Vaughn index. The Protective Order issued as part of that Order [Doc. 54] will apply to this discovery.

Interrogatory No. 21 (to Keith) and Interrogatory No. 20 (to Fisher)

In these interrogatories, Plaintiff asks Defendants to provide "all factual and legal bases which support each" of Defendants' affirmative defenses.

Defendants object to these interrogatories as overly broad and unduly burdensome and violative of the numerical restrictions, and they refuse to answer the questions. The objections are overruled, for the reasons given above in the discussion of "contention interrogatories." Defendants are directed to respond fully to these interrogatories.

**Order**

IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 38] is granted in part and denied in part, as detailed above. All discovery ordered herein shall be produced within ten days of the date of this Order.

IT IS FURTHER ORDERED that the Protective Order set forth in the Court's Order [Doc. 54] of August 12, 2005 is applicable to any ruling noted above which references that Protective Order.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge