IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOHN D. FOGARTY,

        Plaintiff,

  vs.                                        No. CIV 05-26 WJ/LFG

GILBERT GALLEGOS, JOHN GONZALES,
DONALD KEITH, and MICHAEL FISHER in
their individual capacities, and the CITY of
ALBUQUERQUE,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DEFENDANT JOHN GONZALES
TO PROVIDE ANSWERS TO PLAINTIFF'S INTERROGATORIES
AND DOCUMENTS RESPONSIVE TO REQUEST FOR
PRODUCTION OF DOCUMENTS**

THIS MATTER comes before the Court on the Motion by Plaintiff John D. Fogarty ("Fogarty") to Compel Answers to Plaintiff's Interrogatories and Documents Responsive to Request for Production of Documents [Doc. 42], directed to Defendant John Gonzales ("Gonzales"), filed herein on July 27, 2005. Defendant filed his Response [Doc. 51] on August 8, 2005, and Plaintiff filed his Reply [Doc. 60] on August 22, 2005. No oral argument is necessary. For the reasons given below, the Motion is granted in part and denied in part.

**Discussion**

The facts and procedural history of this case are set forth in the Court's Protective Order and Memorandum Opinion and Order [Doc. 54] on Plaintiff's earlier motion to determine sufficiency of

Defendants Keith and Fisher's responses to request for production, and will be referred to herein only as necessary to discussion of the issues. References to Plaintiff's Interrogatories and Requests for Production directed to Defendant Gonzales, and Defendant's responses thereto, are taken from Exhibits 1 and 2 [Doc. 43] to Plaintiff's Motion.

## INTERROGATORIES

Interrogatory No. 5

In this interrogatory, Plaintiff asks Defendant Gonzales to describe in detail any lawsuit to which he has ever been a party, including bankruptcy or divorce, and to identify all documents which substantiate the answer.

Gonzales objects to the interrogatory as overly broad and unduly burdensome, and as violative of the numerical limitations on interrogatories based on Plaintiff's use of subparts. The Court finds that none of the interrogatories propounded to Gonzales use subparts in such as way as to violate the numerical restrictions, and all objections on this basis are overruled.

Without waiving these objections, Gonzales states that he has been named in approximately 7-10 lawsuits during his employment with APD, "the exact nature of each he does not recall." He states, however, that he will produce his personnel file, from which an answer to this interrogatory may be ascertained, and that the file will be produced for *in camera* inspection and subject to a protective order. He further states that he "will not produce or redact" those portions of the personnel file as to which he claims a privilege.

In his Motion to Compel, Plaintiff argues that Gonzales has no right to privacy with regard to documents related to his work as a police officer. He further argues that the information sought in this interrogatory is relevant to his claim for municipal liability, which requires discovery of material

related to training, supervision, conduct and discipline. Defendant counters that information about any prior and unrelated incidents is irrelevant and non-discoverable. He concedes, however, that such information may be relevant when municipal liability is asserted, but only for incidents occurring prior, not subsequent, to the incident described in the complaint.

In its earlier Order [Doc. 54] on Plaintiff's motion to compel Defendants Keith and Fisher to respond to Plaintiff's Requests for Production, the Court discussed the issues surrounding privacy of law enforcement officers' personnel and internal affairs files, pursuant to Denver Policemen's Protective Association v. Lichtenstein, 660 F.2d 432 (10th Cir. 1981), and other authorities. In addition, the Court addressed the scope of discovery in light of Plaintiff's claim of municipal liability and his demand for punitive damages, pursuant to Graham v Connor, 490 U.S. 386, 109 S. Ct. 1865 (1989); Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 117 S. Ct. 1382 (1997); and other authorities.

For the reasons stated in the earlier Order [Doc. 54], Gonzales is directed to respond to Interrogatory No. 5 as follows:

He must identify by case name, date, and resolution, the "7-10 lawsuits" in which he has been named during his employment with APD, as stated in his answer to this interrogatory. However, Gonzales need not provide information as to lawsuits unrelated to his work as a police officer, and he need only provide information for the time period beginning five years before the March 20, 2003 demonstration and ending two years after that date.

In addition, Gonzales shall submit directly to Plaintiff those portions of his personnel file responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the personnel file

shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a <u>Vaughn</u> index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

To the extent, if any, that Gonzales is refusing to "produce or redact" documents, even for *in camera* inspection, for which he claims a privilege, the Court advises Gonzales that this is improper. Any documents or portions of documents as to which he asserts a privilege must be provided to the Court, along with a <u>Vaughn</u> index. The final privilege determination will be made by the Court. This directive applies to all interrogatories or requests for production discussed herein.

<u>Interrogatory No. 6</u>

In this interrogatory, Plaintiff asks Gonzales to outline in complete detail the circumstances of each APD officer's involvement at the March 20, 2003 demonstration, from the time he or she arrived until the time he or she left the scene, including time of arrival and departure, weapons and ammunition worn and used, and any interaction which each such officer had with any demonstrator.

Defendant objects to the interrogatory as overly broad and unduly burdensome. Without waiving these objections, Gonzales states that he will produce his Supplemental Report (which he says he has already produced) and well as his internal affairs file, the latter for *in camera* inspection and subject to a protective order.

Gonzales is directed to produce directly to Plaintiff those portions of his internal affairs file responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the personnel file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order

4

[Doc. 54]; that is, the file shall be accompanied by a <u>Vaughn</u> index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

<u>Interrogatory No. 7</u>

In this interrogatory, Plaintiff asks Gonzales to describe the circumstances of any verbal or physical contact which any APD officer or City employee had with Plaintiff Fogarty at the March 20, 2003 demonstration, including time, location, and purpose of the contact, and the substance of all communication exchanged with Fogarty and every other person present at the time of the contact.

Gonzales objects to the interrogatory as overly broad and unduly burdensome. Without waiving these objections, Gonzales states that he will produce his Supplemental Report (which he states has already been produced), which he says "stands . . . as his best recollection of contact, if any, that he or other officers in his presence may have had with Plaintiff at the demonstration." He also states that he will produce his internal affairs file to the Court for *in camera* inspection and subject to a protective order.

Gonzales shall produce directly to Plaintiff those portions of his internal affairs file responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a <u>Vaughn</u> index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

Interrogatory No. 8

Plaintiff asks Gonzales to describe with particularity the circumstances of each and every order he gave to any APD officer at or regarding the demonstration, stating for each such order the reasons why it was given and to whom it was given.

Gonzales objects to the interrogatory as overly broad and unduly burdensome. Without waiving these objections, Gonzales states that he will produce his Supplemental Report (which he says has already been produced), and which, he says, stands as his best recollection of any orders he may have given. He also states that will produce his internal affairs file, from which an answer to this interrogatory may be ascertained, to the Court for *in camera* inspection and subject to a protective order.

Gonzales shall produce directly to Plaintiff those portions of his internal affairs file responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a Vaughn index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

Interrogatory No. 9

In this interrogatory, Plaintiff asks Gonzales to describe each order which he followed in connection with the demonstration, stating the substance of each such order, by whom it was given and why it was given.

Gonzales objects to the interrogatory as overly broad and unduly burdensome. Without

waiving these objections, Gonzales states that he will produce his Supplemental Report (which he says he has already produced), which stands as his best recollection of any orders he may have followed. He also states that will produce his internal affairs file, from which an answer to this interrogatory may be ascertained, to the Court for *in camera* inspection and subject to a protective order.

Gonzales shall produce directly to Plaintiff those portions of his internal affairs file responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a Vaughn index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

Interrogatory No. 10

This interrogatory seeks information about any meetings Gonzales attended prior to the March 20, 2003 demonstration, which dealt with the demonstration, giving names and identifying information for all persons in attendance, and the complete substance of all discussions at the meeting(s).

Gonzales objects to the interrogatory as overly broad and unduly burdensome. Without waiving his objections, he states that he will produce his Supplemental Report (which he says has already been produced), and also states that will produce his internal affairs file, from which an answer to this interrogatory may be ascertained, to the Court for *in camera* inspection and subject to a protective order. In addition, Gonzales provides some information about meetings he attended

and states that further information can probably be obtained from the current Tactical Commander for the Metro Division of APD.

Gonzales shall produce directly to Plaintiff those portions of his internal affairs file responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a Vaughn index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

Interrogatory No. 11

In this interrogatory, Plaintiff asks Defendant Gonzales to describe the complete circumstances of any tactical plan, containment plan or any other plan that he followed concerning the demonstration, including identities of every individual who participated in drafting and approval of the plan, and the complete substance of the plan.

Gonzales objects to the interrogatory as overly broad and unduly burdensome. Without waiving these objections, Gonzales states that he will produce his Supplemental Report (which he says has already been produced); that he will also produce certain records which are listed in Defendant Keith's answers to Plaintiff's First Set of Interrogatories; and that he will produce his internal affairs file, from which an answer to this interrogatory may be ascertained, to the Court for *in camera* inspection and subject to a protective order.

Gonzales shall produce directly to Plaintiff the record referenced to Defendant Keith's answer to interrogatories, and shall also produce directly to Plaintiff those portions of his internal affairs file

responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a Vaughn index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

Interrogatory No. 12

Plaintiff asks Gonzales to describe the circumstances of every complaint which any person has asserted against him within the past 10 years, including claims for assault, battery, false arrest, excessive force or false imprisonment, stating for each any disciplinary measures taken against him, and identifying all documents concerning such complaints or discipline.

Gonzales objects to the interrogatory as overly broad and unduly burdensome. Without waiving these objections, Gonzales states that he will produce his internal affairs file, from which an answer to this interrogatory may be ascertained, to the Court for *in camera* inspection and subject to a protective order.

Gonzales shall produce directly to Plaintiff those portions of his internal affairs file responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a Vaughn index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

Interrogatory No. 14

In this interrogatory, Plaintiff asks Gonzales to give details as to each incident, if any, in which he was counseled, disciplined, placed on leave, demoted, asked to resign, or forced into early retirement or fired during the course of his employment with the City of Albuquerque.

Gonzales objects to the interrogatory as overly broad and unduly burdensome. Without waiving these objections, Gonzales states that he will produce his internal affairs and personnel files, from which an answer to this interrogatory may be ascertained, to the Court for *in camera* inspection and subject to a protective order.

Gonzales shall produce directly to Plaintiff those portions of his internal affairs and personnel files responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the files shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the files shall be accompanied by Vaughn index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

Interrogatory No. 15

Plaintiff asks Gonzales to describe in detail the substance of any independent review office investigation, internal affairs investigation, or other type of investigation conducted regarding the March 20, 2003 demonstration, giving particular requested details.

Gonzales objects to the interrogatory as overly broad and unduly burdensome. Without waiving these objections, Gonzales states that he will produce his internal affairs file, from which an answer to this interrogatory may be ascertained, to the Court for *in camera* inspection and subject

10

to a protective order.

Gonzales shall produce directly to Plaintiff those portions of his internal affairs file responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a Vaughn index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

Interrogatory No. 16

In this interrogatory, Plaintiff asks Gonzales whether, in the course of any investigation of the demonstration, he recommended any discipline, or consented or agreed to any discipline and, if so, to give details.

Gonzales objects to the interrogatory as overly broad and unduly burdensome. Without waiving these objections, Gonzales states that he will produce his internal affairs file, from which an answer to this interrogatory may be ascertained, to the Court for *in camera* inspection and subject to a protective order.

Gonzales shall produce directly to Plaintiff those portions of his internal affairs file responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a Vaughn index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the

Protective Order set forth at the end of the earlier Order [Doc. 54].

### Interrogatory Nos. 18 and 22

In Interrogatory No. 18, Plaintiff asks Gonzales to state in complete detail all authority and legal bases for his actions in connections with the demonstration. In Interrogatory No. 22, Plaintiff asks Gonzales to provide all factual and legal bases for each affirmative defense which he intends to assert in this action.

Gonzales objects to these interrogatories as overly broad and unduly burdensome and violative of the numerical restrictions, and he refuses to answer them. These objections are overruled. Contention interrogatories such as these are a permissible form of discovery authorized by the federal rules, and a response is required. Starcher v. Correctional Med. Sys., Inc., 144 F.3d 418, 421 n.2 (6th Cir. 1998). Their purpose is to narrow and define issues for trial and to enable the propounding party to determine the proof necessary to rebut the opponents' position. Koch v. Koch Indus., Inc., 6 F. Supp. 2d 1192, 1200 (D. Kan. 1998); Fed. R. Civ. P. 33 advisory committee's note (1970).

Contention interrogatories are appropriately served toward the close of discovery, B. Braun Med. Inc. v. Abbott Labs., 155 F.R.D. 525, 527 (E.D. Pa. 1994), which is where this case is at present. The fact that Gonzales is required to disclose the theory of his claims is not a proper basis for objection to an interrogatory at this stage. Gonzales is directed to fully respond to these interrogatories.

### Interrogatory No. 19

Plaintiff in this interrogatory asks Gonzales to identify any written or verbal order, standard operating procedure, or regulation regarding the imposition of discipline for alleged use of excessive force, assault, battery, false or wrongful arrest, and false imprisonment by APD employees

Gonzales objects to the interrogatory as overly broad and unduly burdensome. Without waiving these objections, Gonzales states that he will produce certain records listed in Defendant Keith's answers to Plaintiff's First Set of Interrogatories. If Plaintiffs are not already in possession of these documents, Gonzales shall provide and deliver copies to Plaintiff, at Plaintiff's expense.

Interrogatory No. 20

In this interrogatory, Plaintiff asks Gonzales to describe any written or recorded statements obtained from any person with knowledge of the incidents at issue in the complaint and, if so, to give details of such statements.

Gonzales objects to the interrogatory as overly broad and unduly burdensome. Without waiving these objections, Gonzales states that he will produce his internal affairs file, from which an answer to this interrogatory may be ascertained, to the Court for *in camera* inspection and subject to a protective order. In addition, he states that he will produce certain records, if requested, which he lists in his answer to the interrogatory. Gonzales states that these records are the same ones listed is Defendant Keith's answers to interrogatories. If Plaintiffs are not already in possession of these documents, Gonzales shall provide and deliver copies to Plaintiff, at Plaintiff's expense.

In addition, Gonzales shall produce directly to Plaintiff those portions of his internal affairs file responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a Vaughn index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

Interrogatory No. 21

This interrogatory asks Gonzales whether he authorized the use of tear gas, pepper spray, or other chemical agents during the demonstration and, if so to give details; if not, to identify the person(s) who did authorize use of such agents.

Gonzales objects and, without waiving objection, states that he gave orders to "various supervisor officers" to use CS gas to disperse protestors. He also says that he will produce, upon request, certain documents which may already have been produced in response to Plaintiff's interrogatories directed to Defendant Keith. If Plaintiffs are not already in possession of these documents, Gonzales shall provide copies to Plaintiff, at Plaintiff's expense.

Gonzales also states that he will produce his Supplemental Report, from which an answer to this interrogatory may be obtained (he states he has already produced this report), and says he will produce his internal affairs file for *in camera* inspection and subject to a protective order.

Gonzales shall produce directly to Plaintiff those portions of his internal affairs file responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege. Any allegedly privileged portions of the file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a Vaughn index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

## REQUESTS FOR PRODUCTION

Request for Production No. 1

In this Request, Plaintiff asks Gonzales to produce all documents to which he referred,

described or which he consulted in formulating his answers to Plaintiff's First Set of Interrogatories. Gonzales responded that he has yet to be served with an amended set of interrogatories, as agreed between counsel at a telephonic conference call with the Court on April 29, 2005.

Plaintiff counters that the interrogatories have now been served, and indeed that Gonzales served his answers to the interrogatories on July 1, 2005. The record [Doc. 36] supports this assertion. Gonzales has a duty to supplement his answers to discovery requests. Fed. R. Civ. P. 26(e). Gonzales is directed to produce the documents responsive to this Request or, alternatively, if otherwise privileged, to submit the documents to the Court for an *in camera* inspection, together with a Vaughn index.

Requests for Production Nos. 2, 3, and 6

In response to Plaintiff's Requests for Production Nos. 2, 3, and 6, Gonzales stated that he was "in the process of obtaining" records responsive to the Requests and had requested the documents through the appropriate channels. He further stated that once he obtained the records, he would either produce them or else state his objection to production.

Plaintiff argues that Gonzales was under an obligation to make a timely objection, rather than reserving his right to object at a later date, and his failure to timely object means that he waived his right to do so.

Gonzales is no longer employed by the City of Albuquerque, and he states that he "does not have at his instant control his employment records, IA files or other records." [Doc. 51, at 11 n.1]. He says that in his responses to Plaintiff's Requests for Production Nos. 2, 3, and 6 he noted that he was, through counsel, in the process of obtaining these records, and that he would make appropriate objections once he had the records. Gonzales also argues that he properly and timely preserved his

15

objections by raising them in the answers to Plaintiff's First Set of Interrogatories, wherein he asserted his right to privacy in connection with his internal affairs and personnel files.

The Court rejects Gonzales' assertion that he can "preserve" an objection to a discovery request by raising it in a different document. Fed. R. Civ. P. 34 provides that:

> The party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29 [which allows for modification of discovery procedures by mutual consent of the parties, unless such modification would interfere with case management deadlines]. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

Thus, under the clear terms of Rule 34, Gonzales was obligated to respond to the Requests for Production within 30 days of the date of service, either by granting the discovery or else objecting. Failure to file objections within the 30-day period, without seeking agreement of opposing counsel or leave of court, generally constitutes waiver of such objections. Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540 (10th Cir. 1984). And a response which purportedly "reserves" the right to raise objections at a later time may result in waiver of any objections that could have been raised. W.R. Grace & Co. v. Pullman, Inc., 446 F. Supp. 771, 775 (W.D. Okla. 1976).

However, the Court and the parties to this litigation are well aware that all of the individual Defendants have consistently asserted their constitutional right to privacy with respect to portions of their personnel files and internal affairs files which they deem personal and non work-related. The Court discussed these issues in its Order [Doc. 54] on Plaintiff's motion to compel responses to

16

Requests for Production directed to Defendants Keith and Fisher, and it relied on that reasoning, and specifically referred to that Order, in its rulings on Plaintiff's other discovery motions in this case, including various rulings already made in this Order. Plaintiff cannot claim to be surprised at Gonzales's assertion of his privacy right with respect to these documents, and the Court finds that his objection based on privacy has not been waived.

On the other hand, Plaintiff has no way of determining, from Gonzales's answers, whether he intends to raise other objections based on privilege or any other ground. The Court finds, therefore, that Gonzales waived his right to interpose any objection to production of the materials sought in Requests for Production Nos. 2, 3, and 6, aside from the constitutional privacy right. Defendant shall provide all discovery noted in these Requests, save for those records for which Defendant asserts privacy, although the Court will limit the time period for documents produced pursuant to Request Nos. 2 and 6 to a period beginning five years before the March 20, 2003 demonstration and ending two years after that date.

Any portions of the documents as to which Gonzales claims a right of privacy shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a Vaughn index describing the portions he seeks to protect and the reasons for claiming a right of privacy as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

Request for Production No. 8

In Request No. 8, Plaintiff asks Gonzales to produce copies of all confidential, internal or "intelligence" documents compiled concerning Gonzales, compiled by him or on his behalf, during his employment with APD, including any documents that have been purged from any APD file.

17

Gonzales states in his response to Request No. 8 that he is no longer employed with APD and does not have possession, custody or control over these materials. He directs Plaintiff to the City of Albuquerque for the material. Plaintiff argues that Gonzales agreed to obtain and produce his personnel file and internal affairs files, upon entry of an acceptable protective order, and if Gonzales can obtain these materials, he should also be able to obtain the material responsive to Request No. 8 (and 9, to which he filed a similar response), as well.

Gonzales must make available all material that is under his control, whether or not it is actually in his possession. This is a fundamental discovery principle. Fed. R. Civ. P. 34(a). Materials sought under Rule 34 need not be in the responding party's actual possession so long as they are in the party's control; control is presumed if the documents can be obtained from a third party upon request. Resolution Trust Corp. v. Deloitte & Touche, 145 F.R.D. 108, 110 (D. Colo. 1992); Golden Trade, S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 (S.D.N.Y. 1992); In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995) (documents are discoverable under Rule 34 if the responding party has actual possession, custody or control, or has the right to obtain the documents on demand; legal ownership is not determinative).

Gonzales is directed to provide Plaintiff with his personnel file and internal affairs file, as responsive to Request No. 8. Any portion to which he asserts a right of privacy shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a Vaughn index describing the portions he seeks to protect and the reasons for claiming a right to privacy as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

Request for Production No. 9

In Request No. 9, Plaintiff asks for any and all certificates, materials, work books, text books, and any other documents that Gonzales ever received or provided, in the course of his education or training with APD regarding excessive force, false arrest, false imprisonment, assault, battery, use of tear gas and use of pepper spray.  Again, Gonzales states that he is that he is no longer employed with APD and does not have  possession, custody or control over these materials.  He directs Plaintiff to the City of Albuquerque for the material.  As noted above, Gonzales must produce material which he has the right to obtain from a third party upon request.

As was ordered in connection with a similar request directed to Defendants Keith and Fisher, the Court concludes that Gonzales should produce his basic academy and advance training records, but the Court will not require production of certificate materials, work books, text books, or other materials.  The burdens of locating and providing such an extensive amount of material far outweigh any benefit.  The Court directs Gonzales to supply copies of his basic training records, to the extent such records deal with the topics of excessive force, false arrest, false imprisonment, assault, battery, use of tear gas, or use of pepper spray.

IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 42] is granted in part and denied in part, as detailed above.  All discovery ordered herein shall be produced within ten days of the date of this Order.

IT IS FURTHER ORDERED that the Protective Order set forth in the Court's August 12, 2005 Order [Doc. 54] is applicable to any ruling noted above which references that Protective Order.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge