IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN D. FOGARTY,

    Plaintiff,

vs.              No. CIV 05-26 WJ/LFG

GILBERT GALLEGOS, JOHN GONZALES,
DONALD KEITH, and MICHAEL FISHER in
their individual capacities, and the CITY of
ALBUQUERQUE,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>GRANTING IN PART AND DENYING IN PART</u>**
**<u>PLAINTIFF'S MOTION TO COMPEL DEFENDANT CITY OF ALBUQUERQUE</u>**
**<u>TO FULLY RESPOND TO PLAINTIFF'S INTERROGATORIES</u>**
**<u>AND REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

  THIS MATTER comes before the Court on the Motion by Plaintiff John D. Fogarty

("Fogarty") to Compel Answers to Plaintiff's Interrogatories and Documents Responsive to Request

for Production of Documents [Doc. 46], directed to Defendant City of Albuquerque ("City"), filed

herein on July 27, 2005.  Defendant did not file a Response, and the time for doing so has expired.

On August 22, 2005,  Plaintiff notified the Court that briefing on the Motion is complete.

  For the reasons given below, the Motion is granted in part and denied in part.

<u>Discussion</u>

  The facts and procedural history of this case are set forth in the Court's Protective Order and

Memorandum Opinion and Order [Doc. 54] on Plaintiff's earlier motion to determine sufficiency of

Defendants Keith and Fisher's responses to request for production, and will be referred to herein only as necessary to discussion of the issues.  References to Plaintiff's Interrogatories and Requests for Production directed to the City, and the City's responses thereto, are taken from Exhibits 1 and 2 attached to Plaintiff's Motion

As noted above, the City did not respond to Plaintiff's Motion within the allotted time, nor did it seek an extension of time within which to respond.  The Court's Local Rules provide that "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. No. 7.1(b).  The Court could, therefore, simply grant Plaintiff's motion in full, on these grounds.  However, the individual Defendants herein have also been served with various of Plaintiff's Motions to Compel and have filed timely responses, asserting, *inter alia*, a constitutional right to privacy in portions of their internal affairs files, personnel files, and other documents.  In resolving these other motions, the Court has made a number of rulings on issues raised in the current Motion, particularly with regard to the right to privacy.

If the Court were to grant the current motion outright, the procedures put in place for the protection of the individual Defendants' privacy rights will be completely subverted, as much of the material which Plaintiff seeks in its Interrogatories and Requests for Production to the City has already been the subject of the Court's orders for *in camera* inspection.  Parties who have fulfilled their obligations  under the rules of procedure should not be prejudiced by the actions of a co-Defendant who takes a more cavalier approach to discovery.  While the Court does not condone the City's failure to file a Response, it cannot sanction the City without also harming the interests of the City's co-defendants, who have asserted a vigorous resistance to revelation of material that might

violate their privacy rights.

For these reasons, the Court will consider the Plaintiff's Motion by reference to Plaintiff's arguments and the City's responses to the discovery requests, without the benefit of any legal analysis and argument which the City could have been provided in a Response.[1]

## INTERROGATORIES

### Interrogatory No. 1

In this interrogatory, Plaintiff asks the City to provide "complete biographical information" for each person answering these interrogatories. The City objects on grounds the information sought is irrelevant. It states that its answers were derived from a number of sources, with the assistance of defense counsel. Plaintiff counters that the information is relevant for purposes of identifying witnesses who have knowledge of the circumstances surrounding the March 20, 2003 demonstration, and about Plaintiff's claims in general.

A party may legitimately ask his opponent, in an interrogatory, to supply the identity and location of persons having knowledge of relevant facts underlying the complaint. And it is appropriate for Plaintiff to ask for the identity of persons furnishing factual information which Defendant used in preparing the answers. However, Defendant is not required to provide "complete biographical information" for such persons, nor is it obligated to disclose to Plaintiff the identities of all persons who participated in preparing the answers.

---

[1]The Court notes that in a companion motion, Doc. 38, Plaintiff failed to attach copies of the interrogatories or requests for production which were in dispute, or even to specify in his motion which interrogatories or documents formed the basis of the motion. There, as here, the rules of procedure were not followed. However, instead of simply denying the motion due to Plaintiff's non-compliance, the Court did not strictly enforce the rule. Having afforded Plaintiff a degree of leniency, the Court will similarly afford Defendant the same leniency

> Int. II-13 asks defendants to identify the persons who "furnished information utilized in or participated in the preparation of the answer" to each of the Second Set interrogatories. Defendants have agreed to identify those who furnished factual information, but they object to identifying persons who "participated" in preparing the answers. They are right. If anyone fits the second description but not the first, he or she is a draftsman, not a source of information. Identity of any such person is irrelevant. It is really nonsense to say (Pl.Mem. 9) the information is relevant "to fixing responsibility for the answers" to the Second Set Interrogatories. Defendants are responsible for the answers, whoever the drafters may have been.

Bd. of Educ. v. Admiral Heating & Ventilating, Inc., 104 F.R.D. 23, 32 (N.D. Ill. 1984).

The Court will order the City to disclose to Plaintiff the names, addresses and telephone numbers of any person who provided factual information used in preparing the City's answers to the interrogatories.[2]

Interrogatory No. 2

In this interrogatory, Plaintiff asks the City to identify each standard operating procedure or policy to which any of the individual Defendants failed to conform during the March 20, 2003 demonstration, and state how each individual failed to conform.

Defendant objects to this interrogatory on grounds of relevance, and violation of privacy rights.  Without waiving the objection, the City states that it will produce the individual Defendants' internal affairs file for an *in camera* inspection, along with a Vaughn index, and subject to a protective order.  The City also states that it  "reserves the right to object" later on grounds of relevance, prejudice, or privilege.

The Court overrules the City's objection on grounds of relevance.  The individual Defendants' compliance or lack of compliance with standard operating procedures, while perhaps not

---

[2]Home addresses for police officers are not required.

determinative, is certainly relevant to the claims and defenses in this case and calculated to lead to the discovery of admissible evidence.  Plaintiff asserts, and the Court agrees, that the identification of any policies to which the individual Defendants might have failed to conform is relevant to Plaintiff's claim of municipal liability.  *See*, discussion in the Court's earlier Order [Doc. 54] on Plaintiff's motion to compel Defendants Keith and Fisher to respond to Plaintiff's Requests for Production, with regard to the scope of discovery in light of Plaintiff's claim of municipal liability, pursuant to Graham v Connor, 490 U.S. 386, 109 S. Ct. 1865 (1989); Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 117 S. Ct. 1382 (1997); and other authorities.

With regard to the issue of privacy, Plaintiff argues that the interrogatory does not call for any information subject to the right to privacy, as the requested information concerns the individual Defendants only in their official capacities as police officers.   Plaintiff does not object, however, to Defendants' offer to produce the internal affairs file in lieu of providing a specific answer to this interrogatory.

In its earlier Order [Doc. 54] on Plaintiff's motion to compel Defendants Keith and Fisher to respond to Plaintiff's Requests for Production, the Court discussed the issues surrounding privacy of law enforcement officers' personnel and internal affairs files, pursuant to Denver Policemen's Protective Association v. Lichtenstein, 660 F.2d 432 (10th Cir. 1981), and other authorities.  In light of those authorities, and in light of Plaintiff's apparent willingness to accept the internal affairs files as responsive to this interrogatory, the Court directs the City to submit directly to Plaintiff those portions of his personnel file responsive to this interrogatory, as he agreed to do in his response, excluding any portions for which he seeks protection under a claim of privilege or privacy.  Any allegedly privileged portions of the personnel file shall be submitted to the Court for an *in camera*

inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a <u>Vaughn</u> index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion. This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

The City states that it "reserves the right to redact" home addresses and social security numbers of any police officer identified in the internal affairs files, or of any non-party citizens. Redaction of the police officers' home addresses and social security numbers is permissible; however, the City may not redact addresses of "non-party citizens" who may have information relevant to the case and whom Plaintiff may need to contact.

<u>Interrogatory No. 3</u>

Plaintiff asks the City to provide all details regarding each settlement and judgment against the City of Albuquerque's Police Department ("APD") or any of its employees in connection with their duties as police officers, in the last five years, involving claims of excessive force, unreasonable search, seizure or detainment, unlawful or false arrest, false imprisonment, assault and battery.

The City objects to the interrogatory on grounds it is irrelevant, overly broad and unduly burdensome; that the phrase "all details" is too vague to allow for a meaningful response; and that information as to lawsuits subsequent to the date of the incident is irrelevant to Plaintiff's claims. Plaintiff argues that it needs this information in order to ascertain the scope of the City's notice of its employees' improper conduct as relative to its claims of municipal liability.

In light of the Court's discussion of the scope of discovery in this case [*see* Doc. 54], due to Plaintiff's assertion of municipal liability claims, the Court finds that the information requested is relevant, including information as to settlements and judgments subsequent to the incident in question.

Plaintiff seeks data only for the "past five years," which is a reasonable limitation.  The City shall provide this information for a period going back five years from the date the interrogatories were served.

Interrogatory No. 4

In this interrogatory, Plaintiff asks the City to provide details of every investigation conducted by the City, by APD, or by any other reviewing entity, regarding allegations of assault, battery, unreasonable search, false arrest, etc., committed by any APD officer during the past ten years, including a description of all documents which have been purged from any file.

The City objects on grounds the interrogatory is irrelevant, overly broad, unduly burdensome, and vague.  The City characterizes this interrogatory as "so broad as not to be subject to a rational response by Defendant."   Plaintiff counters that the information is relevant, given its claims of municipal liability, and he argues that disclosure of the information requested is not unduly burdensome as "this type of allegation is routinely investigated and documented by at least one reviewing entity, the Internal Review Office."

The Court overrules the City's objections based on relevance, burdensomeness, and vagueness.  The objection is sustained, however, with regard to overbreadth.  The City is directed to provide the information requested, but only for the time frame beginning five years prior to March 20, 2003, and two years after that date.  In addition, if the City wishes to assert a right of privacy or other privilege as to any portion of the information requested, it must submit the information or material to the Court for an *in camera* inspection, along with a <u>Vaughn</u> index, in the manner described above.  Any such material is subject to the Protective Order set forth in Doc. 54.

Interrogatory No. 8

Plaintiff asks the City in this interrogatory to identify each APD officer who was issued a tear gas device, and where and why any such device was deployed at the March 20, 2003 demonstration.

Plaintiff argues that the information sought is relevant to identify which policies concerning tear gas were followed, which were not, and by whom. The City objects to the interrogatory as irrelevant, overly broad and unduly burdensome. Without waiving the objections, the City states that all APD officers are issued chemical agents, and all sergeants would have been issued "foggers."

The Court overrules the objections. The City has adequately responded to the question of who was issued chemical agents. However, it did not state where and why such devices were deployed at the demonstration. This information is relevant to Plaintiff's claims and is a subject that could reasonably be expected to have been investigated by the City in the aftermath of the demonstration. While the City may not be able to provide detailed information as where each chemical agent was used during the demonstration, it is directed to provide this information to the extent it is available to the City. The City is further directed to explain the reasons why any such agents were employed at the demonstration.

Interrogatory No. 10

In this interrogatory, Plaintiff asks the City to identify each individual who issued any order concerning APD officers' presence, conduct and role at the demonstration, and to state the substance of all such orders.

Defendant objects to the interrogatory as irrelevant, overly broad, and unduly burdensome, and vague as to the terms "order or orders." Plaintiff counters that the information sought is relevant to the municipal liability claim, to determine "what orders were carried out by an official, sanctioned

by an official and what orders were not followed that should have been, if any."

The Court agrees that the interrogatory is overly broad and too vague to allow for a meaningful response.  Defendant's objections are sustained as to this interrogatory.

Interrogatory No. 11

In this interrogatory, Plaintiffs asks the City to identify every individual who approved the use of tear gas, pepper spray, and other "weapons/chemical agents" used during the demonstration.

The City objects to the interrogatory as irrelevant, overly broad and unduly burdensome, but nevertheless states that the use of any weapon or chemical agent is guided by APD standard operating procedures.  The City also states that Defendant Gonzales approved the use of "appropriate weapons and/or chemical agents."

Plaintiff asserts that the information is relevant in that Plaintiff is entitled to compare the circumstances under which any APD employee approved use of any weapons or chemical agents, with APD standard operating procedures governing the use of such weapons or agents.

The Court finds this interrogatory to be relevant to the claims and defenses herein and calculated to lead to discovery of admissible evidence. Defendant is directed to state whether Defendant Gonzales is the only person who approved the use of chemical agents at the demonstration and, if not, to identify any additional such persons.

Interrogatory No. 15

Plaintiff asks that the City identify all emergency vehicles present at the demonstration, giving department, license and unit numbers.

Plaintiff asserts that the information is relevant to its claims of municipal liability.  The City objects to the interrogatory as overly broad, unduly burdensome, irrelevant, and vague as to the term

"emergency vehicles."

The Court agrees.  A determination of which vehicle had which license plate number or a vehicle designation is not relevant to the claims or defenses.  Any arguable relevancy is outweighed by the burdens imposed.  The Court sustains the objection.

Interrogatory No. 16

In this interrogatory, Plaintiff asks the City to describe in detail the actions of every APD officer who had any physical or verbal contact with Plaintiff at the demonstration, including information as to each officer's identity, and how and why such interaction took place.

Defendant objects on grounds the interrogatory is irrelevant, overly broad, unduly burdensome and vague as to the term "actions of every APD officer who had any contact (physical or verbal) with Plaintiff."

The information is relevant, and the question is not too vague to allow for a meaningful answer, and the City is directed to provide the police reports prepared by the officers.  The burden of extracting the information from business records falls equally on the two parties.  If the City wishes to assert a right of privacy or other privilege as to any portion of the reports, it must submit the material to the Court for an *in camera* inspection, along with a <u>Vaughn</u> index, in the manner described above.  Any such material is subject to the Protective Order set forth in Doc. 54.

Interrogatory No. 17

In this interrogatory, Plaintiff asks the City to provide specific identifying information as to all APD officers who wrote reports pertaining to the demonstration, and to identify each such report. The City objects to the interrogatory as irrelevant, overly broad, unduly burdensome.  However, the City also notes that Defendant Fisher has already provided copies of all reports and supplemental

10

reports, and states that any officer identified in such reports can be contacted through the City Attorney's Office.

The Court finds that the City has adequately responded to this interrogatory, and the motion to compel with respect to this interrogatory is denied.

Interrogatory No. 18

In this interrogatory, Plaintiff asks the City to identify each complaint or grievance pertaining to false arrest, unreasonable search, excessive force, etc., against any APD officer, including complaints or grievances filed in the past ten years internally with APD, any independent review office, internal affairs, or filed in court, and to provide all documents substantiating the answer.

Defendant objects on grounds the interrogatory is irrelevant, overly broad, and unduly burdensome. The information sought is relevant to Plaintiff's claims of municipal liability. However, the Interrogatory seeks substantial information from a multitude of officers over an extended period of time. Moreover, providing all of this information would violate the procedures outlined in previous rulings in this Order, as well as rulings in companion motions, related to privilege.

The City is directed to respond to this interrogatory, although the time frame will be limited to a period beginning five years prior to the demonstration and two years after that date. Defendant must also supply any supporting documentation, as requested in the interrogatory, except to the extent the interrogatory call for privileged information. In order to protect the legitimate privacy rights of any officer identified in such reports, if the City claims that disclosure of any portion of these documents would violate those privacy rights, such portions shall be submitted to the Court for an *in camera* inspection, along with a Vaughn index, as outlined in the Court's earlier Order [Doc. 54]. All portions so submitted will be subject to the Protective Order set forth in that Order [Doc. 54].

Interrogatory No. 19

In this interrogatory, Plaintiff asks the City to describe in complete detail every act or omission allegedly committed by each individual Defendant for which he has ever been disciplined, or for which discipline has been recommended, related to false arrest, unreasonable search or seizure, unlawful detention, or excessive force, during his employment with the City, and to describe all documents substantiating the answer.

The City objects on grounds the interrogatory is irrelevant, overly broad, unduly burdensome, and may violate the individual Defendants' constitutional right to privacy.  Without waiving these objections, the City states that it will produce the individual Defendants' internal affairs files for an *in camera* inspection, along with a <u>Vaughn</u> index, and subject to a protective order.   The City states that it "reserves the right" to assert "additional objections" "as these documents become known to Defendant City."

The information sought in this interrogatory is relevant to Plaintiff's claims of municipal liability, as well as to other claims in the lawsuit.  The City is directed to submit directly to Plaintiff those non-privileged portions of the individual Defendants' internal affairs files responsive to this interrogatory, as  agreed in the City's response, excluding any portions for which the City seeks protection under a claim of privacy or privilege.  Any allegedly privileged portions of the personnel file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a <u>Vaughn</u> index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion.  This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

The City is not allowed to "reserve" any right to object at a later date.  All assertions of

privilege must be made in connection with the <u>Vaughn</u> index, as described above.  The City may redact the home addresses and social security numbers of any police officers identified in the internal affairs files, but it may not redact the addresses of non-party citizens mentioned therein.

<u>Interrogatory No. 21</u>

In this interrogatory, Plaintiff asks the City to provide all details of any independent review or internal affairs investigation conducted by any City employee, officer or agent regarding the demonstration, and to identify all documents substantiating the answer.

The City objects on grounds the interrogatory is irrelevant, overly broad, unduly burdensome, and may violate the individual Defendants' constitutional right to privacy.  Without waiving these objections, the City states that it will produce the individual Defendants' internal affairs files for an *in camera* inspection, along with a <u>Vaughn</u> index, and subject to a protective order.  The City states that it "reserves the right" to assert "additional objections" "as these documents become known to Defendant City."

The information sought in this interrogatory is relevant to Plaintiff's claims of municipal liability, as well as to other claims in the lawsuit.  The City is directed to submit directly to Plaintiff those non-privileged portions of the individual Defendants' internal affairs files responsive to this interrogatory, as  agreed in the City's response, excluding any portions for which the City seeks protection under a claim of privacy or privilege.  Any allegedly privileged portions of the personnel file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a <u>Vaughn</u> index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion.  This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

The City is not allowed to "reserve" any right to object at a later date.  All assertions of privilege must be made in connection with the <u>Vaughn</u> index, as described above.  The City may redact the home addresses and social security numbers of any police officers identified in the internal affairs files, but it may not redact the addresses of non-party citizens mentioned therein.

<u>Interrogatory No. 22</u>

In this interrogatory, Plaintiff asks the City to identify each officer identified in any review, report or investigation referenced in Interrogatory No. 21, by giving certain specified information for each such officer.  The interrogatory also asks the City to state "all reasons, justification, authority and legal bases for his/her actions in connection with the demonstration."

The City objects on grounds the interrogatory is irrelevant, overly broad, and unduly burdensome.  The Court rejects the assertion that the information sought is irrelevant.  The information sought is, at the least, calculated to lead to discovery of admissible evidence.  Because the Court is without the benefit of the City's legal analysis as to why it alleges this request is "overly broad" and "unduly burdensome," the Court overrules these objections as well, and orders the City to fully respond to this interrogatory.

<u>Interrogatory No. 23</u>

In this interrogatory, Plaintiff asks the City to identify all circumstances under which any APD employee has been counseled, disciplined, suspended with or without pay or terminated for misconduct related to false arrest, unreasonable search or seizure, unlawful detention, or excessive force, in the past ten years, identifying as well all documents substantiating the answer.

The City objects on grounds the interrogatory is irrelevant, overly broad and unduly burdensome.  The Court overrules the objection as to relevance; the information is relevant to

14

Plaintiff's claims of municipal liability.  However, the ten-year time period is overly broad, and the information sought may be privileged.  The City is directed to supply the requested non-privileged information for the time period beginning five years prior to the demonstration date, and two years after that date.  As to information to which a privilege is asserted, the City shall submit the material to the Court for an *in camera* inspection, together with a <u>Vaughn</u> index.  The Protective Order set forth in Doc. 54 shall apply  to any disclosure made under this interrogatory.

<u>REQUESTS FOR PRODUCTION</u>

<u>Request for Production No. 1</u>

Plaintiff asks the City to produce all documents to which it referred, described, or which it consulted in formulating its answer to Plaintiff's First Set of Interrogatories, asking that the City produce a privilege log for any such documents for which it claims an attorney/client or work product privilege.

Defendant did not object but responded by stating that it had already produced copies of documents referred to in its responses to interrogatories, "with the exception of those documents which have been produced by other parties or to which it stated an objection, which objection is fully incorporated herein."

The City may not simply refer Plaintiff to documents produced by other parties.  The City does not even state what these documents are, which other Defendants produced them, and the interrogatories to which they are responsive.  In addition, several of the City's objections to interrogatories have been overruled (see discussion above).  The City is directed to produce all documents responsive to this Request, providing the privilege log as requested by Plaintiff for any specific documents or portions thereof as to which it asserts a privilege.

<u>Requests for Production Nos. 2-5</u>

Plaintiff asks the City to produce all documents regarding each individual Defendant's employment with APD:  Defendant Gallegos, in Request No. 2; Defendant Gonzales, in Request No. 3; Defendant Keith, in Request No. 4; and Defendant Fisher, in Request No. 5.  For each Request, Plaintiff asks the City to include any documents regarding investigations into any misconduct or infraction allegedly committed during the course of the officer's employment, including the officers' personnel file, training certificates, internal affairs records, disciplinary and payroll records, "and any other documents in any way related to [the Defendant's] employment with your law enforcement agency," including any documents purged from any file.

Defendant objected to each of these Requests in identical fashion, on grounds the Requests are irrelevant, overly broad, and unduly burdensome, and because disclosure would violate the individuals' privacy rights.  Without waiving the objections, the City states that it will produce each officer's personnel and internal affair files for an *in camera* inspection, along with a <u>Vaughn</u> index and subject to a protective order, and subject to additional conditions set forth by Defendant.

The Court overrules Defendant's objection based on relevance.  The City is directed to submit directly to Plaintiff those portions of each individual Defendants' personnel and internal affairs files responsive to this interrogatory, as agreed in the City's response, excluding any portions for which the City seeks protection under a claim of privacy or privilege.  Any allegedly privileged portions of the personnel file shall be submitted to the Court for an *in camera* inspection in the manner outlined in the earlier Order [Doc. 54]; that is, the file shall be accompanied by a <u>Vaughn</u> index describing the portions he seeks to protect and the reasons for claiming a privilege as to each such portion.  This disclosure is subject to the Protective Order set forth at the end of the earlier Order [Doc. 54].

The City is not allowed to "reserve" any right to object at a later date. All assertions of privilege must be made in connection with the <u>Vaughn</u> index, as described above. The City may redact the home addresses and social security numbers of any police officers identified in the internal affairs files, but it may not redact the addresses of non-party citizens mentioned therein.

Request for Production No. 6

In this Request, Plaintiff asks the City to produce copies of all reports, belt tapes, audio tapes, diagrams, photographs, videos and other documents and tangible items created by any City employee or agent during and as a result of the incidents forming the basis of Plaintiff's complaint.

The City objects to the Request as overly broad, unduly burdensome, and vague in its use of the phrase "all other documents and tangible items." As to personnel and internal affairs files, the City reiterates the objections it made to production of those files in its responses to Requests Nos. 2-5. The City also states that it believes that other Defendants have produced copies of videotapes and documents responsive to this request, and "agrees to meet with counsel for Plaintiff to insure that any materials to which there is no objection have been made available."

The materials sought are clearly relevant. The City has already agreed to produce the individual Defendants' personnel and internal affairs files. To the extent it has not already done so the Court orders the City to produce those files, as responsive to this Request, directly to Plaintiff, excepting only those parts for which the City claims a privilege. For any allegedly privileged portions of those files, the City is to proceed as directed earlier in this Order, submitting them for *in camera* inspection, along with a <u>Vaughn</u> index and subject to the Protective Order set forth in Doc. 54.

The Court agrees with the City, however, that Plaintiff's Request is, in part, overly broad and somewhat vague. The City is directed to produce to Plaintiff all belt tapes, other audio tapes,

diagram, photographs, and videos created by any APD employee or agent during or as a result of the demonstration at issue herein.  It need not produce "other documents and tangible items."

<u>Request for Production No. 8</u>

In this Request, Plaintiff asks the City to produce all documents in its possession, custody or control which in any way mention, concern, pertain to, or refer to Plaintiff.  For any such documents for which the City asserts a privilege, Plaintiff requests that it produce a privilege log.

Defendant objects to the Request as vague, irrelevant, overly broad and unduly burdensome. Defendant also states that some or all of these materials may be privileged, but it refuses to produce a privilege log.

The Court rejects Defendant's assertion that the documents sought are irrelevant.  The information sought is, at the least, calculated to lead to discovery of admissible evidence.  Without having the benefit of the City's legal analysis as to why it alleges this Request is "overly broad" and "unduly burdensome," as the City failed to file a Response to Plaintiff's Motion, the Court overrules these objections as well.  The City cites no ground for refusing to produce a privilege log. The Court directs Defendant to produce all documents responsive to this Request and to provide Plaintiffs with a specific privilege log for any documents as to which it asserts a privilege.

<u>Request for Production No. 9</u>

This Request asks the City to produce copies of all judgments entered in the last ten years against APD, any APD officer, or any other City employee in any lawsuit in which it was alleged that an agent or employee of APD used excessive force, unlawfully or falsely arrested an individual, falsely imprisoned an individual, unreasonably seized or detained an individual, or assaulted or battered an individual.

The City objects to this Request as vague, irrelevant, overly broad, unduly burdensome, and as calling for judgments which were entered after the date of the demonstration at issue. Plaintiff counters that this information is critical to his municipal liability claims.

The Court agrees that the information is relevant. The Request is not vague nor unduly burdensome. The time frame is overly broad, however, and the Court directs the City to provide the information requested for a time period beginning five years prior to the date of the demonstration and ending two years after that date.

Request for Production No. 10

Plaintiff asks the City to produce all tactical plans, intelligence information, internal affairs documents, independent review documents and all other documents that were drafted or originated prior to the March 20, 2003 demonstration, pertaining to the demonstration.

The City objects to the Request on ground it is vague, irrelevant, overly broad, unduly burdensome, and may violate non-party officers' and citizens' rights to privacy. Without waiving these objections, the City states that there was no written tactical plan. It further states that "copies of relevant Albuquerque Police Department Standard Operating Procedures were produced by Defendant Fisher."

Plaintiff argues that this response is insufficient, as Plaintiff is entitled to know whether there are documents the City is withholding on the basis of any objection or privilege.

The City states there was not written tactical plan, and the Court will not order a party to produce something which doesn't exist. The court sustains the objection.

Request for Production No. 11

Request No. 11 asks for "all 'confidential,' internal or 'intelligence documents regarding any

of the individual Defendants" compiled at any time in the past ten years.  For any such documents as to which the City claims a privilege, Plaintiff requests a privilege log.

The City objects to the Request as vague, irrelevant, overly broad, unduly burdensome, and violative of the individual Defendants' constitutional right to privacy.  Without waiving the objection, the City states that it will produce the individual Defendants' personnel files and internal affairs files for *in camera* inspection, along with a <u>Vaughn</u> index and subject to a protective order, and subject as well to other conditions set down by Defendant.

The City has already agreed to produce the individual Defendants' personnel and internal affairs files.  To the extent it has not already done so the Court orders the City to produce those files, as responsive to this Request, directly to Plaintiff, excepting only those parts for which the City claims a privilege.  For any allegedly privileged portions of those files, the City is to proceed as directed earlier in this Order, submitting the material for *in camera* inspection, along with a <u>Vaughn</u> index and subject to the Protective Order set forth in Doc. 54.

The City is not allowed to "reserve" any right to object at a later date.  All assertions of privilege must be made in connection with the <u>Vaughn</u> index, as described above.  The City may redact the home addresses and social security numbers of any police officers identified in the internal affairs files, but it may not redact the addresses of non-party citizens mentioned therein.

<u>Request for Production No. 12</u>

Request No. 12 asks the City to produce all documents relating to disciplinary action recommended or implemented against any APD employee in connection with or as a result of allegations forming the basis of a complaint or lawsuit against APD or any of its agents or employees within the past ten years.

The City objects to the Request as vague, irrelevant, overly broad, unduly burdensome, and violative of the privacy rights of non-party officers or citizens.  The Court agrees that this Request is overly broad in its request for documents related to disciplinary action taken against "any" APD employee for any reason, whether or not related to the type of allegations made in this case.  Insofar as this Request refers to disciplinary action taken against the individual Defendants in this lawsuit, that information has been the subject of other Requests and Interrogatories.  The motion to compel with respect to Request for Production No. 12 is denied.

Request for Production No. 14

In this Request, Plaintiff seeks all documents pertaining to the discipline of any APD employee who has been counseled, disciplined, suspended with or without pay, or terminated for misconduct related to the use of excessive force, unlawful or false arrest, false imprisonment, unreasonable seizure or detention, assault or battery, in the past ten years.

The City objects to the Request as vague, irrelevant, overly broad, unduly burdensome, and violative of the privacy rights of non-party officers or citizens.  Plaintiff counters that the material is relevant to its claims for municipal liability.

The documents sought are relevant to the municipal liability claims; however, the time period is overly broad.  The Court orders the City to produce all documents responsive to this Request for the time period beginning five years prior to the date of the demonstration and two years after that date.  The City shall also produce a privilege log for any portion of the documents as to which it wishes to assert a privilege or privacy claim.

Request for Production No. 15

In this Request, Plaintiff seeks all documents, diagrams, reports, records, memoranda, letters,

video or audio tapes, and all other documents or tangible items in the City's possession, custody or control that were produced or created during or as a result of any interaction between Plaintiff and any Defendant in this case, "including but not limited to the incidents forming the basis of Plaintiff's complaint," and including documentation of any statements made by any Defendant to any person other than the Defendants' attorneys.  Plaintiff seeks a privilege log for any documents as to which the City asserts a privilege.

The City objects to the Request as vague, irrelevant, overly broad, unduly burdensome, and violative of certain privileges.  It states, further, that there was no interaction between Defendant Gallegos and Plaintiff.

The Request is overly broad insofar as it seeks documents and items produced or created during any interaction between Plaintiff and any Defendant with regard to topics other than the incidents forming the basis of this lawsuit.  In addition, the Request's call for documentation of "any statements made by any Defendant to any person" is overly broad and too vague to allow for meaningful response.

The City is directed to produce all documents, diagrams, reports, records, memoranda, letters, and video or audio tapes that were produced or created during or as a result of any interaction between Plaintiff and any Defendant in this case, having to do with the demonstration.    The City shall also produce a privilege log for any portion of these documents or items as to which it wishes to assert a privilege or privacy claim.

Request for Production No. 17

This Request asks the City, to the extent it has not already done so, to produce a complete copy of all reports, records and other documents pertaining to the March 20, 2003 demonstration,

including all internal affairs reports, all reports originating from any independent review office, and all other reports whether originating internally or externally from APD.

The City objects to this Request as overly broad, unduly burdensome and duplicative of prior requests. The Court agrees that the information sought is duplicative of other Requests and denies the Motion to Compel with respect to this Request.

<u>Request for Production No. 19</u>

This Request calls for production of all written communications which the City either received from or provided to any entity or individual which concern or mention Plaintiff, other than those already produced in response to other Requests.

The City objects to this Request as overly broad, unduly burdensome, vague and duplicative of prior requests. The Court agrees that the information sought is duplicative and vague, and denies the Motion to Compel with respect to this Request.

## **Order**

IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. 46] is granted in part and denied in part, as detailed above. All discovery ordered herein shall be produced within ten days of the date of this Order.

IT IS FURTHER ORDERED that the Protective Order set forth in Doc. 54 is applicable to any ruling noted above which references that Protective Order.

Lorenzo F. Garcia
Chief United States Magistrate Judge