IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN D. FOGARTY,

               Plaintiff,

vs.                                                CIVIL NO.  05-26 WJ/LFG

GILBERT GALLEGOS, JOHN
GONZALES, DONALD KEITH,
and MICHAEL FISHER, in their
individual capacities; and the
CITY OF ALBUQUERQUE,

               Defendants.

## MEMORANDUM OPINION AND ORDER
## ON PRODUCTION OF DOCUMENTS

On August 12, 2005, the Court directed that Defendants:

> [P]roduce to Chief United States Magistrate Judge Lorenzo F. Garcia
> a copy of those portions of their personnel files and Internal Affairs
> files which Defendant Officers contend are privileged from disclosure,
> along with a <u>Vaughn</u> index as described below.  The Court will then
> conduct an *in camera* inspection to ensure that neither privileged
> matters nor information which is entitled to a reasonable expectation
> of privacy is disclosed.

In accord with the Court's directive Defendants Donald Keith and Michael Fisher submitted

the files for the Court's *in camera* review.

## Background

Plaintiff John D. Fogarty ("Fogarty") brings this action against the City of Albuquerque and

various police officers as a result of incidents that occurred on the evening of March 20, 2003.

Fogarty alleges that Police Officers Gonzales, Keith and Fisher violated his rights under the Fourth

and Fourteenth Amendments to the United States Constitution when they used excessive physical

force and arrested him without probable cause. Fogarty also asserts claims of supervisory and municipal liability against the City of Albuquerque and Defendant Chief of Police Gilbert Gallegos.

In addition to the claims asserted under 42 U.S.C. § 1983, Forgarty brings various claims purportedly under the New Mexico Tort Claims Act, including assault, battery, false arrest, negligence, gross negligence and recklessness.[1]

In accord with the Court's instructions and under the provisions of the August 12, 2005 protective order [Doc. 54], the Court considered, *in camera*, the documents submitted for inspection. These documents generally fall within four categories: (1) documents that are relevant to the parties' claims or defenses under Fed. R. Civ. P. 26 which are not privileged, and are therefore discoverable; (2) documents that are relevant to the parties' claims or defenses, but are privileged and therefore not discoverable; (3) documents that are not relevant to the parties' claims or defenses under Rule 26, and their disclosure would not lead to the discovery of relevant, admissible evidence, and therefore are not discoverable; and, (4) documents that are arguably discoverable, but their relevancy is outweighed by the Defendant Officers' privacy rights.

In considering the discoverability of the documents in the personnel and Internal Affairs files, the Court is required to balance one party's right of discovery with the opposing party's right to be free from intrusive and burdensome discovery. To strike an appropriate balance, the Court looks at the following factors: (a) the requester's need for the information from this particular source; (b) the relevancy of the requested information to the litigation; (c) the burden of producing the sought- after materials; (d) the harm or difficulty which would be caused to the party seeking to protect the

---

[1] Negligence, gross negligence and recklessness are not torts, nor has immunity been waived under the Tort Claims Act, Section 41-4-12. Claims against governmental entities may only be brought when the Legislature specifically waives immunity.

information; and, (e) whether the privacy interests of one party outweigh the opposing party's right of discovery.

The Court may deny the request altogether, limit the conditions, time, places or topics of discovery, or limit the manner in which the material will be disclosed. Koch v. Koch Indus,, 203 F.3d 1202, 1238 (10th Cir. 2000); Burka v. U.S. Department of HHS, 87 F.3d 508, 517 (D.C. Cir. 1996).

In addition to this careful balance, the Court must consider the discovery requests in light of the Civil Justice Reform Act's effect on the discovery process. 28 U.S.C. § 471 *et seq.* Because of abusive, unchecked litigation practices that significantly increased the costs of litigation, congested court dockets and contributed to delays in the final disposition of litigation, the CJRA was enacted. Subsequently, the Federal Rules of Civil Procedure were modified to dovetail with the CJRA. With the adoption of the revised rules, discovery has been significantly limited. Indeed, the Advisory Committee Notes to Rule 26 indicate that the rule change signals to the court that it has authority to confine discovery to the claims and defenses asserted in the pleadings, and further signals to the parties that they have no entitlement to discovery in order to develop new claims or defenses not already identified in the pleadings. Rule 26 now vests the court with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.

The Court considered the Vaughn index, the file, and the individual officer's claims of privilege, reviewed each Bates-stamped document withheld from production, and now determines as follows:

### Internal Affairs File:  CPC Case No. 050-03

| BATES NUMBER | DESCRIPTION | PRODUCE | DO NOT PRODUCE | ANALYSIS |
|---|---|---|---|---|

| D000001-D000002 | Internal Affairs disciplinary status sheet concerning complaint by Bill Sprague of excessive force in launching gas canisters at demonstrators | X | | This document is relevant to the parties' claims or defenses as it deals with the subject incident. It is not privileged and Plaintiff's right of access outweighs Defendant's right of privacy. |
|---|---|---|---|---|
| D000016-D000017 | Internal Affairs Unit Supervisor Recommendation Form for Capt. John Gonzales | X | | Same as above. |
| D000018-D000019 | Internal Affairs Unit Supervisor Recommendation Form for Capt. Michael Castro | X | | Same as above. |
| D000020-D000021 | Internal Affairs Unit Supervisor Recommentation Form for Officer Brett Lampiris | X | | Same as above. |
| D000026-D000027 | Internal Affairs Unit Supervisor Recommendation Form for Sgt. Clarence Davis | X | | Same as above. |
| D000039-D000042 | Investigative Report regarding Capt. John Gonzales outlining issues relating to APD SOPs | X | | This portion of the investigative report only outlines the general and procedural orders which are party of the City's SOPs. It does not contain findings, conclusions, or evaluations. |
| D000043-D000044 | Investigative Report regarding Capt. Michael Castro outlining issues relating to APD SOPs | X | | Same as above. |
| D000045 | Investigative Report regarding Sgt. Clarence Davis outlining issues relating to APD SOPs | X | | Same as above. |

4

| D000046 | Investigative Report regarding Officer Brett Lampiris outlining issues relating to APD SOPs | X | | Same as above. |
|---------|-------------------------------------------------------------------------------------------|---|---|----------------|

The next document which the Court reviewed includes the Conclusions and Findings of the Independent Review investigator.  Defendants assert a self-critical analysis privilege for this investigative report.  While federal courts recognize the self-critical or evaluation privileges, <u>Frankenhauser v. Rizzo</u>, 59 F.R.D. 339, 342 (E.D. Pa. 1973), the self-critical analysis privilege is not absolute.  When the self-critical analysis privilege, or otherwise known as an investigative privilege, is asserted, the Court must balance the public interest and the confidentiality of governmental information against the needs of a litigant to obtain data not otherwise available to him with which to pursue a non-frivolous cause of action.  In <u>Frankenhauser</u>, the court set out a number of factors which should be considered in applying an appropriate balancing test to determine whether the information in police investigative files should or should not be produced in a civil rights case.  These factors include:

1.  The extent to which disclosure will thwart governmental process by discouraging citizens from giving the government information;

2.  the impact upon persons who have given information of having their identities disclosed;

3.  the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure;

4.  whether the information sought is factual data or evaluative summary;

5.  whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding, either pending or reasonably likely to follow from the incident in question;

6.  whether the police investigation has been completed;

7.  whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation;

8.  whether the plaintiff's suit is non-frivolous and brought in good faith;

9.  whether the information sought is available through discovery or from other sources; and

10.  the importance of the information sought to the plaintiff's case.

The weightiest of these factors is the last.  That is, the importance of the information to the plaintiff's case.  Crawford v. Dominic, 469 F. Supp. 260, 263 (E.D. Pa. 1979).  In the present case, there is little question that the material sought--the internal investigative reports of the incident that gave rise to this very lawsuit--is highly relevant.  Identifying witnesses who have knowledge of what occurred is critical for the parties to present their claims and defenses at the time of trial.

> [I]n that this is an investigation into the incident which is the basis for this lawsuit, almost by definition the file is highly relevant to this lawsuit.  The fact that this investigation was made almost immediately after the incident makes it of even greater relevance.  While [it is unknown] what probability of success plaintiff's suit has, it may well be that if the suit has any chance of success, the keys to it are contained in this file.

Wood v. Breier, 54 F.R.D. 7, 10 (E.D. Wis. 1972).

The consideration that these materials were prepared shortly after the incident at issue, when the information was not dated and memories were still sharp, has been noted by many courts in emphasizing the importance of the material to a plaintiff's case.  See Frankenhauser, at 345.  (Plaintiff's need for the facts contained in the police investigative files is manifest.  The police investigation was conducted promptly after the incident occurred and certainly should be comprehensive and reliable).  Since information and police files often will have been developed closer in time to the subject events, when witnesses were around and their memories were fresher and when physical evidence was more accessible, in many cases it will not be likely that information of comparable quality will be available from any other source.  Kelly v. City of San Jose, 114

F.R.D. 653, 667 (N.D. Cal. 1987).

Thus, in reference to the <u>Frankenhauser</u> factors which the Court considers in reverse order, the investigative report is highly report to Fogarty's case.  The Court must then consider whether Fogarty can obtain this information through other discovery.  He clearly can.  The same witnesses who provided statements to the police can easily provide the same statements to Fogarty.  So, too, Defendant officers are subject to depositions and they may provide their own testimony concerning what occurred.  Thus, this is not a situation where the investigative report provides the sole source of information.  This factor favors non-disclosure, as the same information is otherwise available to Fogarty.

The Court next considers whether Fogarty's suit is non-frivolous and brought in good faith.  Fogarty is making a good-faith assertion of claimed violations of constitutional and statutorily protected rights.  Nothing in the record demonstrates that this lawsuit is frivolous or is being brought for any improper purpose.  A civil rights claim to vindicate ones constitutionally protected rights, especially when there is an arguable basis in fact, does not appear frivolous on its face.  Therefore, this factor favors disclosure to Fogarty.

The Court must next consider whether any intra-departmental disciplinary proceedings have arisen or may arise as a result of the investigation.  The purpose of the investigation was in part to determine whether officers violated general orders or standard operating procedures.  Indeed, the Internal Affairs and personnel files demonstrate that violations of SOPs could result in imposition of sanctions.

Individuals have an interest in preventing disclosure of personnel matters, and personnel actions are well within the zone of privacy protected by the Constitution.  <u>Flanagan v. Munger</u>, 890 F.2d 1557, 1570 (10th Cir. 1989)(*citing* <u>Whalen v. Roe</u>, 429 U.S. 589, 599 & n.24, 97 S. Ct. 869, 876 & n.24 (1977)).  As there are significant privacy interests that would outweigh Fogarty's right of disclosure, this factor must be viewed in favor of non-disclosure.

The next consideration is whether the investigation has been completed.  There is no indication in the record that this is an ongoing investigation, and therefore it must be viewed as a completed investigation.  This

factor weighs in favor of disclosure, as there are no risks that disclosure of information would interfere with an ongoing process.

The next factor is significant.  That is whether the information sought is factual data or evaluative summary.  In this case, it consists of both.  Much of the information concerns witness statements, i.e., demonstrating who, what, when and where.  These factual statements are important and are discoverable. However, the evaluative portion of the report is full of opinion and conclusion, and that falls squarely within the self-critical analysis privilege.  Those portions of the recommendation which constitute opinion and evaluation are privileged and the Court will not order that they be produced.

The Court must then consider whether there is any chilling effect caused by disclosure.  This asserted "chilling effect" arises from an argument that there is public interest in ensuring candor in internal investigations of public officials, and the fear is that, if confidentiality is not guaranteed, citizens and police officers would be reluctant to make statements or likely fail to be completely candid in their statements, and that reluctance would impede future investigations and interfere with the proper functioning of a police department. Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 437 (10th Cir. 1981).

There is no evidence that the citizen portion of the investigation was made under the veil of confidentiality, nor evidence that disclosure would impair the functioning of the police department. Indeed, many courts simply do not accept the proposition that disclosure of internal investigations would chill a participant's impulse to be candid, pointing out that there are no empirical studies to support this "chilling effect" contention.   Kelly v. City of San Jose, 114 F.R.D. at 664.

Concluding that disclosure of the citizen portion of this investigative report would not have a chilling effect on future investigations, the Court determines that this factor would weigh in favor of disclosure.

Having completed this balancing test, the Court now rules on the admissibility of portions of the police investigative report as follows:

8

| Tab 99<br>D000156-<br>D000159<br><br>D000166-<br>D000167 | Conclusion and Find-ings of Independent Review Investigator | X | | These pages contain witness statements and identify potential witnesses.  Are there-fore relevant and discoverable.  There are no opinions and conclusions stated.  Therefore, Fogarty's right of discovery outweighs Defendants' claimed right of privacy. |
|---|---|---|---|---|
| D000168 | Investigator's Conclusions and Findings | X<br>in redacted form | | A portion of this page contains witness statements.  However, the last two paragraphs contain opinion and conclusion.  Those last two paragraphs may be redacted.  The remainder should be produced. |
| D000169<br>D000160<br>D000161<br>D000162*<br><br>*These pages, while sequently correct, appear to be misnumbered, i.e., 169, 160, 161, 162 | Investigator's Conclusions and Findings | | X | These portions of the investiga-tive report constitute opinion and conclusion.  They are not factual statements of witnesses or bystanders, but, rather, are part of the self-critical analysis.  They are privileged and need not be produced |
| D000163 | Investigator's report, including both state-ments of fact, con-clusions and opinions | X<br>in redacted form | | Majority of this page consists of opinions and conclusions.  Is therefore privileged under the critical self-analysis privilege.  However, paragraphs 3 & 4 of this sheet refer to statements made by unknown individuals.  Because these two paragraphs purport to include factual determinations, these two paragraphs may be produced. |

| D000164 | Investigative report, findings, conclusions and opinions | X in redacted form | | Paragraphs 1 & 3 purport to assert statements of fact. As these facts are relevant to Fogarty's claims, ! & 3 of this document shall be produced. The remainder of the document may be withheld. |
|---|---|---|---|---|
| D000166-D000167 | Investigative report, findings, conclusions and opinions | | X | This portion of the report consists entirely of the writer's opinions and conclusions. This is part of the self-critical analysis privilege and these portions need not be produced. |
| D000168 | Investigative report, findings, conclusions and opinions | X in redacted form | | Portions of this page include statement of fact and the remainder includes opinion and conclusion. Paragraph 2 purports to be a statement of fact. It is relevant to Fogarty's complaint and does not constitute opinion or conclusion. Paragraph 2 may be produced. |
| D000169 | Investigative report, findings, conclusions and opinions | X in redacted form | | Paragraph 2 purports to contain factual statements made by police officers. Remainder of the exhibit constitutes conclusion or opinion. Paragraph 2 may be produced. Remainder is privileged. |
| D000170-D000171 | Investigative report, findings, conclusions and opinions | | X | These two pages constitute opinion and conclusions rather than statements of fact. They are deemed privileged under the self-critical analysis privilege. |
| D000172 | Investigative report, findings, conclusions and opinions | | X | Same as above |

| D000173 | Investigative report, findings, conclusions and opinions | X<br>in redacted form | | Paragraph 1 of this exhibit purports to be a statement of fact. Deleting the last sentence, paragraph 1 may be produced. Remainder of exhibit constitutes opinion and conclusion and is privileged. |
|---|---|---|---|---|
| D000174-D000181 | Investigative report, findings, conclusions and opinions | | X | These portions of the investigative report constitute opinion and conclusion. They fall within the self-critical analysis privilege and need not be produced. |
| D000175-D000180 | Investigative report, findings, conclusions and opinions | | X | These documents are not relevant to Fogarty's claims. They constitute conclusions and opinions and fall within the self-critical analysis privilege. They need not be produced. |
| D000181 | Investigator's recommended finding | | X | Not relevant to the parties' claims or defenses. The arguable relevancy is outweighed by the officers' right of privacy. |

## Internal Affairs File:  CPC Cases No. 057-03

| D000012 | Letter from Jay Rowland to Chief Gallegos | | X | Not relevant to the parties' claims or defenses; any arguable relevancy is outweighed by the officer's right of privacy. |
|---|---|---|---|---|
| D000013 | Citizen complaint by Dr. A. Lane Leckman | X | | Document is relevant in that it identifies a complainant. The officer's right of privacy is outweighed by Fogarty's right of access. |
| D000014 | Investigative Table of Contents | | X | Not relevant to Fogarty's claims; any arguable relevancy is outweighed by the officer's right of privacy. |
| D000016-D000017 | Supervisor recommendation Form | | X | Same as above. |

11

| | | | | |
|---|---|---|---|---|
| D000018-D000019 | Inter-office memo to Lt. Tate from Capt. Gonzales | | X | Not relevant to Fogarty's claims; any arguable relevancy is outweighed by the officer's right of privacy. |
| D000020 | Correspondence from Deputy Chief Schultz to Officer Hubbard | | X | Same as above. |
| D000021-D000022 | Supervisor Recommendation Form | | X | Same as above. |
| D000023 | Investigative Synopsis | X | | Synopsis identifies the name and contact information for various witnesses.  It is relevant and disclosure may lead to the discovery of relevant, admissible evidence. |
| D000024 | Synopsis of Complaint | X | | Synopsis of a citizen complaint and is relevant to Fogarty's claims.  Disclosure may lead to the discovery of relevant, admissible evidence. |
| D000025 | Investigative report concerning David Hubbard | | X | Not relevant to Fogarty's claims; any arguable relevancy is outweighed by the officer's right of privacy. |
| D000028 | Investigative report concerning Deborah Rainaldi | | X | Same as above. |
| D000040 | Investigative Report related to Officer Deborah Rainaldi; conclusions and findings | X | | This report consists of citizen statements.  They are relevant to Fogarty's claim and do not constitute opinion or conclusion.  They are not privileged and should be produced. |
| D000041 | Investigative Report related to Officer Deborah Rainaldi; conclusions and findings | X in redacted form | | Paragraph one of this exhibit is part of a factual representation. Paragraph one does not constitute opinion or conclusion. Paragraph one may be produced.  The remainder of the exhibit need not be produced. |

| D000042 | Investigative report relating to Officer Deborah Rainaldi | | X | Not relevant.  Production would not lead to discovery of relevant, admissible evidence. Any arguable discovery is outweighed by the officer's right of privacy. |

## Sgt. Keith's APD Internal Affairs File

| D000001 | APD Internal Affairs Cross Reference Sheet | | X | Not relevant, nor would production lead to the discovery of relevant, admissible evidence. Any arguable relevancy is outweighed by the officer's right of privacy. |
|---|---|---|---|---|
| D000002 | Supervisor Recom-mendation Form | | X | Same as above. |
| D000003 | Findings and conclusions relating to Sgt. Don Keith | | X | These documents refer to personnel actions. Same as above. |
| D000004 | Inter-Office Memo to Capt. Leeper from Lt. Campbell | | X | Same as above. |
| D000005 | IA Cross Reference Sheet | | X | Same as above. |
| D000006 | Supervisor Recom-mendation Form | | X | Same as above. |
| D000007-D000008 | Findings and Remarks regarding Officer Keith | | X | Same as above. |
| D000009 | Inter-Office correspon-dence from Lt. Callaway to Capt. Davalos | | X | Refers to personnel action. Not relevant, nor would production lead to the discovery of relevant, admissible evidence. Any arguable relevancy is outweighed by the officer's right of privacy. |
| D000010 | Inter-Office memo related to missed court appearance | | X | Same as above. |

| D000011 | Document related to missed MVD hearings | | X | Not relevant, nor would production lead to the discovery of relevant, admissible evidence. Any arguable relevancy is outweighed by the officer's right of privacy. |
|---|---|---|---|---|
| D000012 | Subpoena Logs | | X | Same as above. |
| D000013 | APD Cross Reference Sheet | | X | Same as above. |
| D000014-D000015 | Supervisor Recommendation Form with remarks | | X | Relates to personnel matters. Not relevant, nor would production lead to the discovery of relevant, admissible evidence. Any arguable relevancy is outweighed by the officer's right of privacy. |
| D000016 | Inter-Office Correspondence related to J. Hernandez, D. Patrick, R. Garcia, H. Prudencio, S. Marez and D. Keith | | X | Relates to personnel actions. Not relevant, nor would production lead to the discovery of relevant, admissible evidence. Any arguable relevancy is outweighed by the officer's right of privacy. |
| D000017 | Inter-Office Correspondence from Lt. Weiland to Acting Capt. Nix | | X | Same as above. |
| D000018 | Disciplinary Status Sheet | X | | As this complaint relates to a claimed excessive use of force, it is relevant to Fogarty's complaint and disclosure may lead to discovery of relevant, admissible evidence. |
| D000019 D000021 | Supervisor Recommendation Form | | X | Relate to personnel action. Not relevant, nor would production lead to the discovery of relevant, admissible evidence. Any arguable relevancy is outweighed by the officer's right of privacy. |

| | | | | |
|---|---|---|---|---|
| D000022 | IA memo concerning Officer Keith | | X | Not relevant, nor would production lead to the discovery of relevant, admissible evidence. Any arguable relevancy is outweighed by the officer's right of privacy. |
| D000023 | Inter-Office Correspondence | X | | This document is an exoner-ation of a claim of excessive use of force.  Since use of force is an issue in this case, the document is relevant, and its disclosure may result in the discovery of relevant, admissible evidence. |
| D000024-D000025 | Documents relating to personnel conferences | | X | Not relevant, nor would production of this index lead to the discovery of relevant, admissible evidence. Any arguable relevancy is outweighed by the officer's right of privacy. |
| D000026-D000027 | Documents relating to personnel conferences | | X | Same as above. |
| D000028 | Memo relating to auto accident | | X | Same as above. |
| D000029-D000030 | Documents relate to personnel action | | X | Same as above. |
| D000031-D000032 | Documents relate to use of vehicle | | X | Same as above |
| D000033-D000035 | IA Disciplinary Status Sheet related to use of vehicle | | X | Same as above. |
| D000036-D000037 | Documents related to personnel action | | X | Same as above. |
| D000038 | IA Disciplinary Status Sheet concerning auto accident | | X | Same as above. |
| D000039-D000040 | Personnel matters related to Officer Keith | | X | Same as above. |

| D000041-D000042 | Personnel matters related to Officer Keith | | X | Same as above. |
|---|---|---|---|---|
| D000043 | Personnel Action Notice | | X | Same as above. |
| D000044 | Inter-Office memo regarding personnel action | | X | Same as above. |
| D000045 | Inter-Office memo related to appearance in Metro Court | | X | Same as above. |
| D000046 | Metro Court Docket | | X | Same as above. |
| D000047 | Overtime sheet for Officer Keith | | X | Same as above. |
| D000048 | Memo regarding Metro Court hearing | | X | Same as above. |
| D000049 | Inter-Office memo concerning Metro Court appearance | | X | Same as above. |

## Sgt. Keith's APD Personnel File

| D000006 | 4/95 Personnel Action Notice | | X | Same as above. |
|---|---|---|---|---|

## Sgt. Keith's City Human Resources Personnel File

| D000104 | 4/95 Personnel Action Notice | | X | Duplicate of previous document.  Same as above. |
|---|---|---|---|---|
| D000124-D000125 | Personnel Action related to operation of motor vehicle | | X | Same as above. |
| D000126-D000127 | Personnel documents relating to operation of motor vehicle | | X | Same as above. |
| D000128-D000129 | Personnel documents relating to operation of motor vehicle | | X | Same as above. |

16

| D000130-D000131 | Personnel documents relating to operation of motor vehicle | | X | Same as above. |

## Officer Fisher's APD Internal Affairs File

| D000001-D000002 | Employee Retention File Index | | X | Same as above. |
| D000003-D000035 | Documents relating to illegal parking incident of 4-5-04 by Officer Fisher | | X | Same as above. |

To the extent the Court has ordered documents be produced, they should be produced to Plaintiff within fifteen days. Further, defense counsel is directed to retrieve the Internal Affairs and personnel file from the undersigned magistrate judge's chambers within fifteen days.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
Chief United States Magistrate Judge