# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN D. FOGARTY

      Plaintiff,

    vs.                                                                   No. CIV 05-26 WJ/LFG

GILBERT GALLEGOS, JOHN GONZALES,
DONALD KEITH, and MICHAEL FISHER in
their individual capacities, and the CITY of
ALBUQUERQUE,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR SEPARATE TRIALS

THIS MATTER comes before the Court upon a Motion for Separate Trials for Plaintiff's Primary Claims and Municipal Liability Claims, filed on January 25, 2006 **(Doc. 100)** by Defendants Donald Keith and Michael Fisher (hereinafter, "Defendant Officers"). Having considered the parties' briefs and the applicable law, I find that Defendants' motion is not well-taken and will be denied.

### Background

Plaintiff alleges that his constitutional and state law rights were violated by Defendants in connection with his peaceful participation in a political demonstration which took place in front of the University of New Mexico ("UNM") Bookstore on the evening of March 20, 2003. During the demonstration, Plaintiff alleges that Albuquerque Police Department ("APD") law enforcement officers fired teargas into a crowd of demonstrators which included Plaintiff.

Plaintiff was also shot with a "pepperball," had his arms yanked behind his back and was thrown onto the ground by APD officers.   As a result, Plaintiff alleges that he suffered a severe asthma attack, physical injuries, physical pain and suffering, stigmatization, lost income and emotional distress.

Defendants describe a situation where the crowd of protesters became increasingly aggressive, out of control, and posed a possible danger to motorists and other protesters. Defendants' contentions, varying slightly according to each Defendant's role in the situation, are that the actions taken by the individual Defendants were objectively reasonable, and were taken in accord with acceptable police procedures and practices.

This motion refers to the assertions and Defendants contained in the original complaint. However, Plaintiff has since filed First and Second Amended Complaints (Docs. 108 & 148).  The Court will rely on the allegations in the Second Amended Complaint to enumerate Plaintiff's claims against the Defendant Officers.  I note that other APD officers who were not named Defendants at the time this motion was filed are now named Defendants, such as Defendants Nick Gonzales, Dave Hubbard and Steven Hill.  These three officers are represented by the same attorney who represents the Defendant Officers in this motion.  However, the body of the motion mentions Defendant Captain John Gonzales, who was a named Defendant in the original complaint (for use of excessive force and state tort claims), but did not participate in the filing of this motion.

The Second Amended Complaint asserts both civil rights violations and state tort claims against the individual Defendants directly, against certain Defendants on the basis of supervisory liability, and against the City of Albuquerque ("City").  Plaintiff requests compensatory and

punitive damages, and attorney fees, based on the following claims:

Count I:      Unlawful Arrest in Violation of the Fourth & Fourteenth Amendments against Defendants Keith, Hill, Hubbard and N. Gonzales;[1]

Count II:     Excessive Use of Force in Violation of the Fourth & Fourteenth Amendments against Defendants Keith, Hill, Hubbard, J. Gonzales, Fisher and N. Gonzales;

Count III:    Claims of Supervisory and Municipal Liability under 42 U.S.C. § 1983 against Defendants City of Albuquerque and Gallegos;

Count IV:     Claims of Supervisory Liability under 42 U.S.C. § 1983 against Defendants Keith, Hill, Hubbard and J. Gonzales;

Count V:      State Tort Claims (assault, battery and false arrest) against Defendants Keith, Hill, Hubbard, J. Gonzales, Fisher and City of Albuquerque;

Count VI:     Negligence, Gross Negligence and Recklessness of Law Enforcement Officers Causing Enumerated Torts against Defendants Keith, Hill, Hubbard and J. Gonzales.

Thus, generally, the allegations in the Second Amended Complaint can be grouped into two types of claims: (1) federal constitutional and state tort claims against certain individual or all Defendants ("primary claims"); and (2) § 1983 claims against the City and Chief of Police Gilbert Gallegos for alleged unconstitutional policies and practices and failure to train and supervise the APD officers, specifically Defendant Officers and Captain Gonzales ("municipal liability claims"). In this motion, Defendant Officers seek separate trials for these primary claims and for the municipal liability claims Plaintiff asserts against the City.

## Discussion

Under Fed.R.Civ.P. 42(b), the Court has broad discretion in deciding whether to sever

---

[1] Defendant Nick Gonzales ("N. Gonzales") is a law enforcement officer with the APD; Defendant John Gonzales ("J. Gonzales" or "Captain Gonzales") is a Captain with the APD with alleged supervisory authority over other law enforcement officers at the demonstration which gave rise to this action.

issues for trial.  Eastridge Development Co. v. Halpert Assoc., Inc., 853 F.2d 772, 781 (10th Cir. 1988).  A district court will look at whether separate trials will further the parties' convenience, avoid delay and prejudice, or be conducive to the expedition of litigation and judicial economy.  Bifurcation under Rule 42(b) should not be ordered routinely unless it is clearly necessary.  Marshall v. Overhead Door Co., 131 F.R.D. 94 (E.D. Pa. 1990).  A movant need prove only one of Rule 42(b)'s three conditions for a court to order a separate trial.  Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc., 707 F. Supp. 1429 (D. Del. 1989).  However, the district court has broad discretion in deciding whether to sever issues for trial.  Eastridge Development Co. v. Halpert Assoc., Inc., 853 F.2d 772, 781 (10th Cir. 1988).

**I.      Advantages of Bifurcation**

Plaintiff argues that evidence pertaining to the municipal liability claims is part of the "totality of the circumstances" which the jury should hear in evaluating Plaintiff's Fourth Amendment claims, since municipal policies and practices allegedly led to the conduct of the Defendant Officers, which in turn led to the constitutional deprivation.  Defendants point out that there could be a significant danger of unfair prejudice to the Defendant Officers if the case is not bifurcated, because the evidence that may be relevant to the supervisory liability or municipal liability claims would be inadmissible on the primary claims of unlawful arrest and excessive force.  See, Cataphote Corp v. DeSoto Chemical Coatings, Inc., 235 F.Supp. 931 (D.C. Cal. 1964) (bifurcation appropriate where claims involve different evidence), opinion modified on other grds. at 358 F.2d 732 (9th Cir. 1966).

This case poses unusual circumstances which dissuade me from granting bifurcation.  Despite several extensions of the discovery deadlines, and extensive discovery having been

4

conducted, Plaintiff continues to have difficulty determining with certainty the identity of specific officers who allegedly unlawfully arrested him and used excessive force during the arrest.  This is because the identities of the officers were obscured during the riot.  Officers at the scene wore full riot gear including face masks, and those not in riot gear used black tape to obscure their badge numbers).  See Resp. at 3 n.2.[2]

One of the objectives of granting a motion under Rule 42(b) is to avoid prejudice to a party.  Defendants claim that prejudice would occur to the individual officers if bifurcation were not allowed.  Plaintiff argues that he could be prejudiced if the jury does not hear the "totality of the circumstances," including the municipal liability claims, in evaluating Plaintiff's Fourth Amendment claims, since municipal policies and practices allegedly led to the conduct of the Defendant Officers, which in turn led to the constitutional deprivation.  I tend to agree with Plaintiff, and exercise my discretion in denying Defendants' motion.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Separate Trials for Plaintiff's Primary Claims and Municipal Liability Claims **(Doc. 100)** is hereby DENIED, for reasons set forth in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's difficulty in pinpointing the identity of these officers is also the subject, at least in part, of several of Plaintiff's responses to Defendants' summary motions.  See responses to motions docketed as #99, 101 and 102.