IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHN D. FOGARTY**

      Plaintiff,

vs.                                                                  No. CV-05-0026 WJ/LFG

**JOHN GONZALES, DONALD KEITH,**
**MICHAEL FISHER, STEVEN HILL,**
**NICK GONZALES and**
**DAVE HUBBARD, in their individual**
**capacities, and the CITY OF ALBUQUERQUE**

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR A NEW TRIAL

THIS MATTER comes before the Court on Plaintiff's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial [Doc. 271]. Having considered the parties briefs and the applicable law, the Court finds that the motion is not well taken and shall be DENIED.

## APPLICABLE LAW

Plaintiff Fogarty moves for judgment as a matter of law under Federal Rule of Civil Procedure 50 or, in the alternative, for a new trial under Federal Rule of Civil Procedure 59.

Rule 50(a) provides:

(a)    Judgement as a Matter of Law . . . . If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter

> of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue . . . .

Fed. R. Civ. P. 50(a).

Rule 59(a)(1) provides:

> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
>
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . .

Fed. R. Civ. P. 59(a)(1)(A).

Motions for a new trial are committed to the sound discretion of the trial court. McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984); Hinds v. General Motors Corp., 988 F.2d 1039, 1046 (10th Cir. 1993). They are "not regarded with favor and should only be granted with great caution." Franklin v. Thompson, 981 F.2d 1168, 1171 (10th Cir. 1992). Such a motion may be granted when the Court believes the verdict to be against the weight of the evidence, when prejudicial error has entered the record, or when substantial justice has not been done. McHargue v. Stokes Div. of Pennwalt Corp., 912 F.2d 394, 396 (10th Cir. 1990); Anderson v. Phillips Petroleum Co., 861 F.2d 631, 637 (10th Cir. 1988); Holmes v. Wack, 464 F.2d 86, 88-89 (10th Cir. 1972).

A motion for a new trial which is grounded on the jury's verdict being against the weight of the evidence generally presents a question of fact, not law, and is committed to the discretion of the trial court. Brown v. McGraw-Edison Co., 736 F.2d 609, 616 (10th Cir. 1984). On a

motion for a new trial alleging that the verdict is against the weight of the evidence, the Court may weigh the evidence for itself and determine the credibility of the witnesses. Laughinghouse v. Risser, 786 F.Supp. 920, 922 (D. Kan. 1992). This discretionary power should be invoked only in the exceptional case where the verdict is clearly, decidedly, or overwhelmingly against the weight of the evidence. May v. Interstate Moving & Storage Co., 739 F.2d 521, 525 (10th Cir. 1984).

Judgment as a matter of law "should be cautiously and sparingly granted." Zuchel v. City & County of Denver, 997 F.2d 730, 734 (10th Cir. 1993). As indicated above, judgment as a matter of law is appropriate "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). The Court must review the evidence as it was presented at trial and in the light most favorable to the non-moving party. Brown v. McGraw-Edison Co., 736 F.2d 609, 612-13 (10th Cir. 1984); Yazzie v. Sullivent, 561 F.2d 183, 188 (10th Cir. 1977). However, unlike a motion for a new trial, when reviewing a Rule 50(a) motion for judgment as a matter of law the Court may not attempt to weigh the evidence, pass judgment on any witnesses' credibility, or substitute its judgment for that of the jury. Brown, 736 F.2d at 613.

## DISCUSSION

At trial, Defendants presented a substantial amount of evidence tending to show that there was probable cause for Mr. Fogarty's arrest. Captain Gonzales and other officers testified at trial that Dr. Fogarty was arrested because he was drumming, and the drumming was inciting the crowd and making it difficult for the officers to communicate among themselves and with the protestors. The testimony indicated that even when Dr. Fogarty was the sole remaining

drummer, his drumming had the effect of inciting other protestors. Not only did the jury hear the officers' testimony about the drumming, but the jury was also shown a video on which the drumming, which Dr. Fogarty specifically identified as his own, was audible. Thus, very direct evidence of the nature of Dr. Fogarty's drumming was presented to the jury.

With respect to Dr. Fogarty's excessive force claims, Defendants similarly presented a substantial amount of evidence tending to show that the force used during the course of Dr. Fogarty's arrest was reasonable and not violative of the Fourth Amendment. Testimony from various officers indicated that the wrist-lock used on Dr. Fogarty is a standard technique, designed to garner compliance while inflicting pain only to the extent the arrestee resists. Sergeant Hill testified that he witnessed Dr. Fogarty's arrest and that he did not observe the arresting officers using excessive force. Dr. Fogarty's own testimony indicated that as soon as his arresting officers realized he was having an asthma attack, he was provided medical care. Moreover, the video shown during trial showed Dr. Fogarty's arrest, and thus the jury was able to directly observe the manner in which the arrest was conducted.

This summary of some of the evidence presented at trial makes it clear that there was a more than adequate factual basis for the jury's findings with respect to both probable cause and excessive force. The case was fully and very competently litigated by the lawyers on both sides, and it may well be that the jury could reasonably have found for Plaintiff on these issues. However, it cannot be said that there was no legally sufficient evidentiary basis for a reasonable jury to find for Defendants, the stringent standard that would need to be met before this Court could grant judgment as a matter of law in favor of Plaintiff's under Rule 50(a). Nor can it be said that the jury's findings were clearly, decidedly, or overwhelmingly against the weight of the

evidence, as would be required in order for this Court to grant the request for a new trial. Given that the jury made valid findings that there were no constitutional violations committed against Dr. Fogarty, there clearly can be no finding, as a matter of law or otherwise, of municipal or supervisory liability since those claims require a finding of an underlying violation.

## CONCLUSION

The standards for granting judgment as a matter of law after a jury trial or for granting a motion for a new trial have not been met.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial [Doc. 271] is hereby DENIED.

UNITED STATES DISTRICT JUDGE